704 P.2d 268

**NATIONAL INVESTMENT COMPANY, INC., an Arizona corporation, Plaintiff/Appellant,**

v.

**ESTATE OF W. Zev BRONNER, Defendant/Appellee.**

No. 2 CA–CIV 5058.

Court of Appeals of Arizona, Division 2, Department A.

April 17, 1985.

Review Denied July 2, 1985.

The Wildermuth's & Roer by Tom E. Wildermuth, Coolidge, for plaintiff/appellant.

Goldbaum, Goetz & Sipe by Dean A. Sipe, Tucson, for defendant/appellee.

## OPINION

HOWARD, Judge.

The issue in this case is whether the trial court abused its discretion in setting aside a default judgment.

Appellant purchased real property in Pinal County belonging to appellee for delin-

quent taxes on February 28, 1979, and it continued to pay the taxes on the property in question for the years 1980, 1981 and 1982 prior to filing a complaint for the foreclosure of appellee's redemption rights on March 26, 1982. W. Zev Bronner, a Texas resident, and other named defendants, were served by publication, and in addition received notice of the summons and complaint from Transamerica Title Company, which was holding the property as trustee and had been personally served with the summons and complaint on May 7, 1982.

On May 13, 1982, Bronner wrote a letter to the clerk of the court discussing the case and asking the clerk to inform him of any further action he needed to take to prevent a judgment. The clerk of the Pinal County Superior Court did not accept or file the letter as an answer. No formal answer was filed nor was further action taken by Bronner, and on July 26, 1982, default judgment was entered by the court in favor of appellant, with the court finding, inter alia:

"... that defendants were regularly served with process and have failed to answer or appear herein. The court also finds that the tax sale with [sic] which is the subject of this action was valid and that defendants have failed to redeem...."

The trial court entered its order granting possession of the property to appellant and foreclosing Bronner's right to redeem the same.

Bronner died on February 11, 1983. On March 31, a personal representative was appointed and he commenced to marshal the assets of the estate. On April 28, 1983, the representative for the estate filed its motion to set aside the default judgment entered in this matter.

Appellant presents the following issues for review:

"1. Did the Appellee's letter of May 13, 1982 constitute an appearance entitling him to the three (3) day notice required by Rule 55(b)(2), Rules of Civil Procedure?

2. Was the court's finding in the default judgment of July 26, 1982 res judicata as to the question of the Appellee's letter constituting an appearance?

3. Was [sic] Mr. Bronner and his successors in interest precluded from having judgment set aside for not timely filing a motion to set aside?"

Appellant contends that the letter of May 13, 1982, did not constitute an appearance, because Bronner did not pay an answering fee as required by A.R.S. § 12–331 and because the letter did not contain those elements necessary to constitute an appearance. We do not agree. The letter sent to the Pinal County Court stated in part as follows:

"* * * As spokesman for that trust and in my own right, I hereby wish to notify you that we intend to redeem the subject 3 pieces of property and have contacted the County Treasurers [sic] office to that effect. Kindly inform me of any further action I/we need to take to prevent the adjudication of this property to the plaintiffs, as we are informed by the attorney we have consulted that the statutory right of redemption runs for 3 years. * * *"

A formal answer or appearance is not necessary to trigger the notice requirement of Rule 55(b)(2). See *McClintock v. Serv-Us Bakers*, 103 Ariz. 72, 436 P.2d 891 (1968). A copy of the letter which Bronner sent to the Pinal County recorder was also sent to the plaintiff's attorney. It seems clear to us that Bronner intended that his correspondence constitute an appearance in the case and an answer to the summons and complaint which were served upon him. Bronner, by virtue of the letter recognized the jurisdiction of the court to adjudicate the matter.

The question of the failure to pay an appearance fee was addressed in the case of *Carls Construction, Inc. v. Gigliotti*, 577 P.2d 1107 (1978). There the court stated:

**140**

" 'We note that we are not dealing with technical concepts of appearance as the word is used in analysis of jurisdiction over the person... Rather, we are concerned with a provision of the Rules of Civil Procedure which seeks to insure fairness by providing notice to a party who has expressed interest in defending a lawsuit brought against him.' [citation omitted]

Here, the letter clearly indicated an intention on Gigliotti's part to defend, and the three-day notice requirement of C.R.C.P. 55(b)(2) was therefore triggered. [citation omitted]

Furthermore, we are not aware of any rule, statute, or case authority which makes the payment of the docket fee a prerequisite to an entry of appearance for the purpose of entitling a party to notice before entry of default judgment." 577 P.2d at 1108–9.

We agree with the Colorado court.

 Appellant's contention that the judgment was res judicata because no motion was filed to set aside the judgment within six months after entry is without merit. The judgment, having been taken without giving the required notice, violates due process and is a nullity. See *McClintock v. Serv-Us Bakers*, supra; *Phoenix Metals Corporation v. Roth*, 79 Ariz. 106, 284 P.2d 645 (1955). The judgment being void, it was subject to attack under Rule 60(c)(4), Rules of Civil Procedure, 16 A.R.S. It was subject to attack after the expiration of the six-month period.

 As for appellant's contention that appellee did not move within a reasonable time to set aside the judgment, such contention is without merit since the reasonable time requirement of Rule 60(c) does not apply when a judgment is attacked as void. *Springfield Credit Union v. Johnson*, 123 Ariz. 319, 599 P.2d 772 (1979).

Affirmed.

BIRDSALL, P.J., and FERNANDEZ, J., concur.