950 P.2d 1257

**Colt WRIGHT, assignee of Idabanco, Inc., a Nevada corporation, and Idabanco, Inc., as court-appointed receiver, Plaintiff–Appellant,**

v.

**David G. WRIGHT and Jane Doe Wright, husband and wife, Defendants–Respondents.**

No. 24078.

Supreme Court of Idaho.

Jan. 7, 1998.

claim "without prejudice to the right of appeal." The district court granted the motion. Colt Wright appealed the order of dismissal he obtained in order to challenge an earlier interlocutory order setting aside a default judgment that had been entered against David G. Wright and Jane Doe Wright (the Wrights).[1] The Court of Appeals dismissed Colt Wright's appeal, holding that a voluntary dismissal with prejudice may be appealed, but a voluntary dismissal without prejudice may not. The Court of Appeals disposed of the case on this issue alone, and did not address the merits of Colt Wright's argument that the district court had erred in granting the Wrights' Rule 60(b) motion to vacate the default judgment. This Court granted Colt Wright's petition for review.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

The factual and procedural background of this case was well summarized by the Court of Appeals:

David G. Wright and his wife (the Wrights) were the defendants in a civil action, which alleged that they had trespassed upon certain property and wrongfully removed sand, rock and gravel from that property. Idabanco, Inc., the corporation which held the receivership of the property, sought an injunction and monetary damages from the Wrights. Prior to trial, the Wrights' attorney moved to withdraw from representing them. In September 1988, the district court granted the attorney's motion and provided the Wrights twenty days to appear before the court, in writing, either personally or through new counsel. The Wrights did not comply with this requirement, and four months later, the district court entered a default judgment against the Wrights. No further action was taken in this case for approximately five years.

Idabanco assigned the uncollected default judgment to Colt Wright (Colt) in

Churchill Law Offices and Elam & Burke, P.A., Boise, for appellant. Jeffrey J. Ventrella argued.

Vernon K. Smith, Jr., Boise, for respondents.

SCHROEDER, Justice.

The appellant, Colt Wright, moved in district court for voluntary dismissal of his

1. Colt Wright is no relation to David and Jane Doe Wright.

January 1994. Colt renewed the judgment and began collection proceedings. The Wrights responded with a motion to set aside the default judgment. They claimed that they did not receive proper notification, pursuant to Idaho Rule of Civil Procedure 11(b)(3), of their counsel's withdrawal or the impending default judgment. The district court granted the motion and set aside the default judgment in September 1994. Colt appealed.

The Idaho Supreme Court suspended the appeal because an order setting aside a default judgment is not an appealable order. Colt moved for a permissive appeal under Idaho Appellate Rule 12, which was denied by the Supreme Court.

Colt then asked the district court for a conditional dismissal of the action against the Wrights. Colt explained that a key witness had recanted earlier statements and two other witnesses were unavailable. Colt indicated:

> [A]s a result of the recantation of this testimony and the unavailability of other witnesses, it is doubtful whether Colt Wright even has sufficient evidence to support the original claim for relief. He therefore risks either a dismissal of the claim after the presentation of Idabanco's case or the entry of an adverse judgment against him on the merits. Thus, to prevent an adverse ruling on the merits, Colt sought dismissal of the action. The district court ordered dismissal "without prejudice to the right of appeal." Colt ostensibly appeals from the order of dismissal. The substance of his challenge on appeal, however, is to the order setting aside the default judgment.

*Wright v. Wright*, 97.10 ICAR 440, 440. (Ct. App. May 8, 1997).

The Court of Appeals dismissed the appeal, recognizing the right to appeal from an order obtained by the party appealing, but rejecting the right in this case on the basis that the order appealed was without prejudice.

## II.

### STANDARD OF REVIEW

 When this Court reviews a decision rendered by the Court of Appeals, it ordinarily considers all the issues presented to the Court of Appeals. *Spence v. Howell,* 126 Idaho 763, 768, 890 P.2d 714, 719 (1995) (citing *Sato v. Schossberger,* 117 Idaho 771, 774–75, 792 P.2d 336, 339–40 (1990)). Occasionally, this Court may decide to address less than all of the issues presented to the Court of Appeals, however, this Court must advise the parties of the issues it will address.[2] *Sato,* 117 Idaho at 774, 792 P.2d at 339–40.

 While this Court values the opinion of the Court of Appeals for the insight it gives this Court in addressing the issues presented on appeal, this Court shall not focus on the opinion of the Court of Appeals, but rather on the decision of the district court. *Id.* at 775, 792 P.2d at 340. In other words, this Court hears the matter as if the case were on direct appeal from the district court's decision. *Id.*

## III.

### THE VOLUNTARY DISMISSAL WHICH COLT WRIGHT OBTAINED WAS WITH PREJUDICE, AND HE MAY APPEAL FROM THAT FINAL ORDER

 Colt Wright submitted what was entitled a "Motion for Qualified Dismissal." The motion was filed to obtain a final order which could be appealed, reserving the right to challenge the district court's order setting aside the default judgment that had been entered against the Wrights. The motion makes it clear that he surrendered any right to refile the case following dismissal. The order entered by the district court preserved

---

2. This Court's order granting the petition for review stated that "Appellant's PETITION FOR REVIEW be, and hereby is, GRANTED *as to the issues presented in the appeal.*" (Emphasis added). Accordingly, this Court is free to review all of the issues presented to the Court of Appeals, even though the Court of Appeals addressed only one issue (i.e., whether the conditional order of dismissal was a final, appealable order).

only the right to pursue an appeal of the decision setting aside the default.

Idaho Appellate Rule 11 provides as follows:

> An appeal as a matter of right may be taken to the Supreme Court from the following judgments and orders:
>
> (a) Civil Actions. From the following judgments and orders of a district court in a civil action:
>
> (1) Judgments, orders and decrees which are final. . . .

The order entered by the district court was a final order precluding Colt Wright from refiling the action. The result is the same as if he had proceeded to trial and failed to present evidence to support the claim, causing a judgment to be entered against him. The fact that Colt Wright obtained the order does not preclude him from appealing. He chose the expeditious way of obtaining a final order rather than waste the time of the court, counsel and the parties by proceeding to trial without sufficient evidence to present a case. Although the dismissal order contained the language "without prejudice," the order, in effect, was a voluntary dismissal with prejudice, resulting in a final order that is appealable.

## IV.

### THE DISTRICT COURT'S ORDER GRANTING THE RULE 60(b) MOTION TO VACATE THE DEFAULT JUDGMENT IS APPEALABLE

▪ The Wrights argue that the district court's order setting aside the default judgment may not be reviewed on appeal. However, they have not pointed to any rule which would preclude review of the order. This Court has previously treated a district court's order granting a Rule 60(b) motion to set aside a default judgment as appealable. *See Hearst Corp. v. Keller,* 100 Idaho 10, 592 P.2d 66 (1979). While a direct appeal could not be taken from the order setting aside the default and default judgment, once a final order was entered the issue addressed in the 60(b) motion is subject to review on appeal.

## V.

### THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN SETTING ASIDE THE DEFAULT JUDGMENT ENTERED AGAINST THE WRIGHTS

▪ Rule 11(b)(3) of the Idaho Rules of Civil Procedure allows the entry of a default against a party following the withdrawal of that party's attorney if the party does not file and serve a written appearance in the action within a twenty-day period following service or mailing of the order allowing the withdrawal of the party's attorney. The dismissal is with prejudice and without further notice to the party. Entry of the default and default judgment is, however, conditioned upon the requirement that "the withdrawing attorney shall forthwith, with due diligence, serve copies of the same upon the client and all other parties to the action and shall file proof of service with the court. The withdrawing attorney may make such service upon the client by personal service or by certified mail to the last known address most likely to give notice to the client, which service shall be complete upon mailing."

▪ The Idaho Court of Appeals has required strict compliance with Rule 11(b)(3) before sustaining a default judgment obtained after a party's attorney has withdrawn, determining that if the required notice is not given, the judgment must be set aside as a matter of law, rather than as a matter of discretion. *Reinwald v. Eveland,* 119 Idaho 111, 803 P.2d 1017 (Ct.App.1991); *Knight Ins. v. Knight,* 109 Idaho 56, 704 P.2d 960 (Ct.App.1985). This Court agrees that there must be strict compliance with Rule 11(b)(3) to obtain a valid judgment. The effect of the rule is to allow a party to be defaulted though that party has obtained counsel to represent his or her interests in the action and may have taken other significant steps to defend the claim. While the Court of Appeals has described such default judgments as voidable when there has not been compliance with Rule 11(b)(3), this Court characterizes such judgments as void. Pursuant to Rule 60(b)(4), I.R.C.P., "the court may relieve a party or his legal repre-

sentative from its final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void...." To obtain relief under Rule 60(b)(4), the motion must be made within a reasonable time.

The district court conducted a hearing concerning the Wrights' claim that they were not properly served with the order allowing withdrawal of counsel. The district court made the following finding:

> Wherever the Wrights may have lived, the evidence is extremely strong that the Glen Ellyn address was not the Wrights' residence, was not an address most likely to give the defendants notice, and was not an address that was even slightly likely to give the defendants notice, at least at the time the mailings in question were made.

There is substantial, competent evidence to support this finding, and it will not be disturbed on appeal.

■ Colt Wright maintains that even if there was a defect in the initial entry of the default and default judgment, the district court utilized the wrong legal standard in ruling on the Rule 60(b)(4) motion. Colt Wright maintains that the question of whether the motion was made within a reasonable time should be judged from the time the judgment was entered, not the time when the Wrights learned of the judgment. The motion was filed approximately five (5) years after the judgment was entered, following renewal of the judgment. Colt Wright maintains that the Wrights had a continuing obligation to be apprised of the status of their case, and that the district court should have considered the prejudice to him as a consequence of the extended delay. Colt Wright's position fails for several reasons. First, the Wrights had obtained counsel to represent them in the proceeding. As a consequence of the defective mailing, they had no notice that they were not represented and that their interests were not being protected. Nothing occurred to trigger their awareness. This leads to a second consideration. While Colt Wright emphasizes the prejudice to him as a consequence of the extended delay, that delay is equally attributable to him as a consequence of his assignor's failure to attempt collection upon the judgment promptly.

There was no effort to enforce this judgment for approximately five (5) years. Had there been prompt collection efforts, the Wrights would have been put on notice of the claim and any delay in failing to move to set aside the default and default judgment would have been attributable to them. That did not happen, and the delay in this case cannot be held against the Wrights who were unaware of the default and default judgment. The district court applied the proper standard in determining whether the Wrights had acted within a reasonable time, determining that they had acted promptly once they learned of the judgment.

## VI.

## THE WRIGHTS ARE NOT ENTITLED TO ATTORNEY FEES ON APPEAL

The Wrights maintain that they are entitled to attorney fees on appeal pursuant to I.C. § 12–121, maintaining that the appeal was without a basis under existing law. However, the appeal addressed significant issues of first impression in Idaho. There is no basis to award attorney fees under I.C. § 12–121 to the Wrights.

## VII.

## CONCLUSION

The decision of the district court setting aside the default judgment entered against the Wrights is affirmed. The Wrights are awarded costs on appeal. No attorney fees are awarded.

TROUT, C.J., and JOHNSON and SILAK, JJ., and WESTON, J., pro tem., concur.