991 P.2d 369

**Dan DRAGOTOIU, Plaintiff–Appellant,**

v.

**Fay Moore DRAGOTOIU, Defendant–Respondent,**

**and**

**G. Lance Nalder, Real Party in Interest–Respondent.**

No. 24141.

Court of Appeals of Idaho.

Dec. 30, 1998.

Rehearing Denied Feb. 5, 1999.

Review Denied Jan. 24, 2000.

Ellis, Brown and Sheils, Chtd., Boise, for appellant. Allen B. Ellis argued.

Thomsen & Stephen, P.A., Idaho Falls, for respondent, Nalder. G. Lance Nalder argued.

PERRY, Judge.

Dan Dragotoiu appeals from the district court's order affirming the magistrate's denial of Dragotoiu's motion to set aside a judgment for enforcement of an attorney's lien. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

Dan Dragotoiu was represented in a divorce proceeding by attorney G. Lance Nalder. A decree of divorce was entered on March 11, 1994. On September 30, 1994, a supplemental decree of divorce was entered. On October 7, 1994, Nalder, at Dragotoiu's request, and on his behalf, filed a motion for reconsideration of the supplemental decree of divorce.

Previously, however, on October 4, 1994, Nalder filed a motion for enforcement of an attorney's lien, pursuant to I.C. § 3–205, seeking a judgment against Dragotoiu in the amount of $29,490.79. Nalder also filed a motion to allow him to withdraw as attorney of record for Dragotoiu pursuant to I.R.C.P.

11(b). Both of these motions were served on Dragotoiu, and a hearing was scheduled.

On October 14, 1994, the magistrate heard Nalder's motions, in the following order. First, the motion requesting enforcement of Nalder's attorney's lien was addressed. At the beginning of the hearing on this motion, the magistrate asked Dragotoiu if he would be representing himself or wished to have an attorney to represent him and also offered Dragotoiu additional time to prepare for the hearing. Dragotoiu stated that he would represent himself in the matter of the attorney's lien and declined the offer of a continuance. Dragotoiu testified, cross-examined Nalder, and argued against this motion. At the close of testimony, Nalder submitted a proposed order to the court. The magistrate asked Dragotoiu if he wished to review the order, and Dragotoiu declined. The magistrate did not immediately sign the proposed order.

The magistrate then heard Nalder's motion to withdraw. Dragotoiu had no objection to this motion. The magistrate immediately entered an order allowing Nalder to withdraw as Dragotoiu's attorney and handed Dragotoiu his copy in open court. The magistrate thereafter explained to Dragotoiu that he would have to be in court the following month to argue the motion for reconsideration of the divorce decree, and Dragotoiu indicated that he would be present. Later that same day, the magistrate signed and entered the proposed order and judgment for an attorney's lien in favor of Nalder against Dragotoiu in the requested amount of $29,490.79.

On November 9, 1994, Dragotoiu appealed to the district court from the findings of fact and conclusions of law and decree of divorce entered by the magistrate. Dragotoiu did not appeal the magistrate's judgment in favor of Nalder for the attorney's lien. On appeal, the district court affirmed the divorce decree.

On April 25, 1996, Dragotoiu filed a motion to set aside the judgment in favor of Nalder pursuant to I.R.C.P. 60(b)(4) on the ground that the judgment was void.[1] The magis-

---

1. We note that Dragotoiu had no choice but to      proceed under Rule 60(b)(4) because the judg-

trate denied the motion. Dragotoiu sought review of the magistrate's decision by the district court, which upheld the judgment. Dragotoiu again appeals.

## II.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Hentges v. Hentges,* 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988). Rule 60(b) enunciates a variety of grounds upon which relief from a judgment may be obtained. Discretionary relief is permitted, under subsection (b)(1), for mistake, inadvertence, surprise, or excusable neglect. *Knight Ins., Inc., v. Knight,* 109 Idaho 56, 58–59, 704 P.2d 960, 962–63 (Ct.App.1985). However, relief from a void judgment pursuant to I.R.C.P. 60(b)(4) is nondiscretionary. *Id.* at 59, 704 P.2d at 963.[2] Thus, we exercise free review on appeal. *Id.*

In order for a judgment to be considered void under Rule 60(b)(4), there generally must have been some jurisdictional defect in the court's authority to enter the judgment, because the court lacked either personal jurisdiction or subject matter jurisdiction. *Puphal v. Puphal,* 105 Idaho 302, 306, 669 P.2d 191, 195 (1983); *Dufur v. Nampa & Meridian Irr. Dist.,* 128 Idaho 319, 324, 912 P.2d 687, 692 (Ct.App.1996). *Accord Cockerham v. Zikratch,* 127 Ariz. 230, 619 P.2d 739, 743 (Ariz.1980); *Bradford v. Nagle,* 763 P.2d 791, 795 (Utah 1988). Additionally, a judg-

ment is void when a "court's action amounts to a plain usurpation of power constituting a violation of due process." *Hoult v. Hoult,* 57 F.3d 1, 6 (1st Cir.1995); *accord Dike v. Dike,* 75 Wash.2d 1, 448 P.2d 490, 494 (1968); 11 CHARLES A. WRIGHT ET AL., WRIGHT MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 2862, at 326–29 (2d ed.1995).

Dragotoiu alleges that the judgment in favor of Nalder is void for several reasons. However, Dragotoiu does not challenge the underlying power of the magistrate to hear the motion for an attorney's lien; thus, the subject matter jurisdiction of the magistrate is not at issue. Therefore, we focus on whether the magistrate had personal jurisdiction over Dragotoiu, and whether due process of law was afforded Dragotoiu, as we address each of his claims.

### A. Personal Jurisdiction

Dragotoiu claims that because Nalder did not follow the requirements of the Idaho Rules of Civil Procedure with respect to commencement of an action and the time allowed for a responsive pleading, the magistrate lacked personal jurisdiction over Dragotoiu, and the judgment for enforcement of Nalder's attorney's lien is void. Rule 12(h)(1) states, in part, that a "defense of lack of jurisdiction over the person, ... [or] insufficiency of process ... is waived ... (B) if it is neither made by motion under this rule nor included in a responsive pleading." When an individual fails to assert a lack of personal jurisdiction as required under I.R.C.P. 12(b) and 12(h), and participates in the proceeding, he or she has consented to jurisdiction.

---

ment was entered on October 14, 1994, and Dragotoiu did not challenge the judgment until April 25, 1996, some eighteen months after the district court's order. Thus, relief under Rules 60(b)(1), (2), (3), and (6), which must be sought within six months, was unavailable. *See Catledge v. Transport Tire Co., Inc.,* 107 Idaho 602, 606, 691 P.2d 1217, 1221 (1984).

**2.** *See also Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica,* 614 F.2d 1247, 1256, (9th Cir.1980) (Because a judgment is void, a district court has a nondiscretionary duty to grant relief pursuant to F.R.C.P. 60(b)(4).); 11 CHARLES A. WRIGHT ET AL., WRIGHT, MILLER & KANE FEDERAL PRACTICE & PROCEDURE

§ 2862, at 322 (2d ed. 1995) ("There is no question of discretion on the part of the court when a motion is under [federal] Rule 60(b)(4)."). The statement in *Dufur v. Nampa & Meridian Irr. Dist.,* 128 Idaho 319, 324, 912 P.2d 687, 692 (Ct.App.1996) that a "motion to set aside an allegedly void judgment is addressed to the sound legal discretion of the trial court and will not be reversed unless an abuse of discretion clearly appears" is disapproved. The standard of review enunciated in *Dufur* could lead to the untenable result of a court determining that it lacked either personal or subject matter jurisdiction, and yet, in its discretion, enforcing a void judgment.

*State v. Aguilar*, 103 Idaho 578, 580, 651 P.2d 512, 514 (1982); *see also* I.R.C.P. 4(i) (The voluntary appearance of a party, except as provided herein, constitutes voluntary submission to the personal jurisdiction of the court.).

■ At the beginning of the hearing on the motion for enforcement of Nalder's attorney's lien, the magistrate inquired of Dragotoiu whether he would be represented by counsel. Dragotoiu stated that he had been unsuccessful in obtaining substitute counsel. The magistrate informed Dragotoiu that if he wished to have an attorney, the court would consider granting a continuance. Dragotoiu stated that he could not afford counsel and that he would represent himself during the hearing. At no time did Dragotoiu object to the proceeding, nor did he contend that he was unable or unwilling to proceed. Therefore, we hold that Dragotoiu voluntarily appeared on the motion for enforcement of Nalder's attorney's lien and waived any objection to personal jurisdiction.

■ In addition, we note that an attorney is not required to institute an independent action to file an attorney's lien, but can file a notice and a motion to foreclose on that lien in connection with the principal case. *Frazee v. Frazee*, 104 Idaho 463, 464, 660 P.2d 928, 929 (1983). An attorney can seek to enforce an attorney's lien for payment for services rendered by "petition" in the underlying case. *Skelton v. Spencer*, 102 Idaho 69, 73, 625 P.2d 1072, 1076 (1981).[3] Moreover, I.R.C.P. 7(b) requires that an application to the court for an order be made by motion. In the instant case, Nalder filed the motion for enforcement of an attorney's lien on October 4, 1994. The motion was filed in connection with the principal case, Dragotoiu's divorce. Thus, contrary to Dragotoiu's assertion, Rule 3(a), regarding the commencement of an action, and Rule 12(a), regarding answering a complaint, do not apply when an attorney brings a motion for enforcement of an attorney's lien in connection with the un-

derlying case. Therefore, the magistrate was not deprived of personal jurisdiction over Dragotoiu because of Nalder's failure to comply with the Idaho Rules of Civil Procedure with respect to commencement of an action and the time allowed for a responsive pleading; thus, Dragotoiu's argument fails.

### B. Due Process

■ Dragotoiu contends that he was denied due process when the judgment for enforcement of Nalder's attorney's lien was granted. When seeking enforcement of an attorney's lien, due process must be afforded. *Frazee*, 104 Idaho at 466, 660 P.2d at 931. The right to procedural due process guaranteed under both the Idaho and United States Constitutions requires that a person involved in the judicial process be given meaningful notice and a meaningful opportunity to be heard. *Rudd v. Rudd*, 105 Idaho 112, 115, 666 P.2d 639, 642 (1983).

■ In the instant matter, Dragotoiu was served with Nalder's motion for enforcement of his attorney's lien on October 4, 1994. The hearing occurred ten days later, on October 14, 1994. Therefore, Dragotoiu received meaningful notice. Additionally, during the hearing, Dragotoiu testified, cross-examined Nalder, and presented argument. Thus, Dragotoiu was afforded a meaningful opportunity to be heard. Therefore, we hold that Dragotoiu has failed to show that his right to procedural due process was violated.

### C. Idaho Rule of Civil Procedure 11(b)(3)

Dragotoiu next asserts he was deprived of the benefit of the twenty-day suspension in proceedings provided to obtain new counsel pursuant to I.R.C.P. 11(b)(3). Rule 11(b)(3) states, in pertinent part, that upon "entry of an order granting leave to an attorney to withdraw ... no further proceedings can be had in that action which will affect the rights of the party of the withdrawing attorney for a period of 20 days after service or mailing of the order of withdrawal."

---

**3.** In *Frazee, Skelton,* and the only other reported Idaho decision addressing attorneys' charging liens under I.C. § 3–205, *Jarman v. Hale,* 112 Idaho 270, 731 P.2d 813 (Ct.App.1986), the attorneys had withdrawn or been discharged by the

client before the attorneys sought to enforce their liens. This distinction from the present case is irrelevant, however, for purposes of personal jurisdiction analysis.

■ Nalder responds that the twenty-day waiting period mandated by Rule 11(b)(3), is inapplicable in this case because of the sequence in which the magistrate addressed Nalder's motions. Prior to the hearing on the attorney's lien motion, Nalder stated that he remained Dragotoiu's counsel. Nalder, in his capacity as Dragotoiu's counsel, requested that the magistrate order Dragotoiu's former wife and her counsel out of the courtroom in an attempt to maintain Dragotoiu's attorney-client confidentiality. After doing so, the magistrate heard testimony and argument concerning the motion for enforcement of Nalder's attorney's lien. At the close of argument, Nalder submitted a proposed order and judgment for enforcement of an attorney's lien in the amount of $29, 490.79. Only then did the excluded parties reappear and the magistrate consider, and grant, Nalder's motion to withdraw. Therefore, Nalder asserts, the mandatory twenty-day suspension of proceedings required by Rule 11(b)(3) was not in effect at the time the magistrate addressed Nalder's motion for enforcement of his attorney's lien.

■ We find it unnecessary to address the merits of Nalder's argument or to determine the propriety of the procedure used by the magistrate. Even assuming, *arguendo*, that it was error for the magistrate to take up Nalder's two motions in an order that effectively deprived Dragotoiu of the benefit of the Rule 11(b)(3) twenty-day suspension and that allowed Nalder to take an adversarial position and acquire a judgment against a client he was still "representing," this error would not render the ensuing judgment void. "A judgment is not void merely because it is erroneous, unless the error is jurisdictional." *Brown's Tie & Lumber Co. v. Kirk,* 109 Idaho 589, 591, 710 P.2d 18, 20 (Ct.App.1985). If the twenty-day suspension provision of Rule 11(b)(3) was violated, that was a procedural error, but not a jurisdictional defect, under the circumstances presented here. As noted above, the trial court possessed personal jurisdiction over Dragotoiu, and the procedures used here, even if not in strict compliance with the Idaho Rules of Civil Procedure, did not deprive Dragotoiu of due process.

This Court recognizes that in *Wright v. Wright,* 130 Idaho 918, 921, 950 P.2d 1257, 1260 (1998), the Idaho Supreme Court held that *default* judgments taken against litigants whose attorneys have withdrawn, without strict compliance with the notice provisions of Rule 11(b)(3), are void. *See also Knight,* 109 Idaho at 60, 704 P.2d at 964. We do not believe that such a characterization is applicable here, however. In *Wright,* the defendants' attorney had obtained an order allowing his withdrawal. The order specified that the defendants would have twenty days to make a new appearance, but as a consequence of the attorney's use of an incorrect address in mailing a copy of the order to the defendants, the defendants received no notice of the attorney's withdrawal and were not aware that they were unrepresented. A default judgment against the defendants was then taken without notice after they failed to make a new appearance within twenty days. As we understand the Supreme Court's decision in *Wright,* it was the lack of notice to the party whose attorney had withdrawn and the fact that the judgment was taken by default that caused the Supreme Court to characterize the judgment as void. Those characteristics are not present in this case. Dragotoiu had ten days' notice of both Nalder's motion to withdraw and his motion for enforcement of his attorney's lien, and Dragotoiu personally appeared and contested the latter motion. In doing so, he rejected an offer of additional time to consult another attorney. Under these circumstances, even if the judgment is procedurally flawed, we do not believe that the Supreme Court's ruling in *Wright* or other jurisprudential principles would support holding the judgment void.

### III.

### CONCLUSION

We hold that the judgment in favor of Nalder for attorney fees was not void and, therefore, was not subject to being set aside under I.R.C.P. 60(b)(4). The magistrate had personal and subject matter jurisdiction, and Dragotoiu was afforded due process. Even if there was a violation of I.R.C.P. 11(b)(3),

such error did not render the judgment against Dragotoiu void. Therefore, the order of the district court upholding the magistrate's denial of Dragotoiu's motion to set aside, pursuant to I.R.C.P. 60(b)(4), the judgment to enforce Nalder's attorney's lien is affirmed. No attorney fees are awarded. Pursuant to I.A.R. 40(a), costs are awarded to respondent, G. Lance Nalder.

Chief Judge LANSING and Judge Pro Tem HARDING, concur.