21 P.3d 946

**FISHER SYSTEMS LEASING, INC., an Idaho corporation, Plaintiff–Respondent,**

v.

**J & J GUNSMITHING & WEAPONRY DESIGN, INC., an Idaho corporation, and Jeff N. Davis, Defendants–Appellants,**

**and**

**Larry R. Groseclose and Janice L. Groseclose, husband and wife, Defendants.**

No. 25958.

Court of Appeals of Idaho.

March 30, 2001.

---

Mauk Burgoyne, Boise, for appellant. William L. Mauk argued.

Landeck, Westberg, Judge & Graham, Moscow, for respondent. James L. Westberg argued.

SCHWARTZMAN, Chief Judge.

Jeff N. Davis and J & J Gunsmithing appeal from the district court's order denying their I.R.C.P. 60(b) motion to set aside a default judgment in favor of Fisher Systems Leasing, Inc. We reverse and remand.

## I.

## FACTS AND PROCEDURE

Davis was a gunsmith who designed and manufactured bullets and weapons in Lewiston, Idaho. Davis was doing business through a corporation he owned known as J & J Gunsmithing, Inc. (J & J). In order to finance his business he borrowed money from West One Bank. In May of 1996, his obligation to West One Bank was assigned to Fisher Systems and a $17,000 promissory note was executed by Davis. Thereafter, a dispute arose between the parties, and Davis discontinued making his monthly payments on the promissory note.

On February 7, 1997, Fisher Systems declared the note in default and instituted civil proceedings to collect. Fisher Systems then obtained a writ of possession for several pieces of machinery, equipment, inventory and furnishings of J & J. A Nez Perce County Sheriff executed the writ and obtained possession of these items.

In March of 1997, Davis filed a Chapter 13 bankruptcy petition as an individual. Davis' bankruptcy action was later dismissed for his failure to "present a plan which could be confirmed," but Davis filed a second bankruptcy action in March of 1998. In October, Fisher Systems was granted relief from the bankruptcy stay and allowed to foreclose on the assets.

Meanwhile, in the instant case, counsel for Davis and J & J, Robert Van Idour, moved

to withdraw pursuant to I.R.C.P. 11(b)(2) and 11(b)(3) and was allowed to do so in June of 1998. The district court's withdrawal order did not set forth that default and default judgment could be taken against Davis "without further notice" or that any counterclaim could be dismissed "with prejudice" as is explicitly required by Rule 11(b)(3). And while the order recites that there is attached to it a copy of Rule 11(b)(3), the actual order of withdrawal in the record before this Court does not have a copy of the rule attached. Furthermore, Van Idour did not serve a copy of the order on Davis through either personal service or certified mail and did not file proof of such service with the district court, all of which are also specifically required by Rule 11(b)(3). A copy of this withdrawal order was sent to Davis' address in Colorado, not by defense counsel as required by Rule 11(b)(3), but by the clerk of the court.

In August, Fisher Systems moved to dismiss J & J's counterclaim and affirmative defenses and requested entry of default and default judgment against J & J. Fisher Systems' motion was made pursuant to I.R.C.P. 11(b)(3) on the grounds that J & J had not filed and served an additional appearance as required after the withdrawal of its attorney. This motion and notice of a hearing on such motion were sent to J & J, in care of Davis at his Colorado address. Davis, however, was in an Idaho jail at this time on grand theft and malicious injury to property charges. Fisher Systems thereafter moved to vacate the original hearing on the default judgment and such hearing was vacated.

On September 9, 1998, an amended notice of hearing on the motion to dismiss and enter default judgment—made pursuant to Rule 11(b)(3)—was mailed to J & J, once again in care of Davis at his Colorado address, while Davis was imprisoned in Idaho.[1] J & J made no contact with Fisher Systems or the district court, so on September 22, 1998, the court approved entry of default against J & J based upon Rule 11(b)(3). The order was

---

1. Apparently, on August 21, 1998, Davis was sentenced to prison on his criminal conviction and was sent to the retained jurisdiction pro-

gram in Cottonwood, Idaho. He was released onto probation on or about January 5, 1999.

mailed to Davis at his Colorado address on September 24.

After receiving relief from the bankruptcy stay, Fisher Systems proceeded with a similar motion to dismiss counterclaim and affirmative defenses and enter default and default judgment, also pursuant to Rule 11(b)(3), as to Davis individually. On October 14, 1998, notice of hearing on the motion was mailed to Davis in prison and to John Miller, his bankruptcy attorney. The notice indicated that the hearing was to take place on October 27. On that day, the district court entered an order striking Davis's answer, affirmative defenses and counterclaims, and entered default against Davis because of his failure to file an additional appearance after his original attorney withdrew based upon Rule 11(b)(3). A copy of this order was mailed to Davis in prison at the North Idaho Correctional Institution in Cottonwood, Idaho and also to Miller.

On December 1, 1998, Fisher Systems filed a motion for entry of default judgment—again pursuant to Rule 11(b)(3)—against J & J and Davis; a copy was sent to J & J and Davis that same day. A hearing was set for December 16 and notice of such was mailed to Davis and J & J at the North Idaho Correctional Institution. On December 16, the district court entered default judgment against J & J and Davis pursuant to Rule 11(b)(3).[2] On this same day, a copy of the order was sent to Davis in prison.

Davis was released from prison on January 5, 1999; on May 14, Davis and J & J filed an I.R.C.P. 60(b) motion to set aside the default and default judgment. After a hearing, the district court entered an order, including its written findings of fact and conclusions of law, denying the motion to set aside the entry of default and default judgment on all grounds, including Rule 60(b)(1), (4) and (6). The district court held that: (1) the default judgment entered against Davis and J & J was not void; (2) Davis did not demonstrate excusable neglect or mistake entitling him to relief from the default judgment; and (3) Davis did not demonstrate any other reasons justifying relief. Davis and J & J appeal

from the denial of their motions made under Rule 60(b)(1), (4) and (6).

## II.

## BECAUSE IDAHO RULE OF CIVIL PROCEDURE 11(b)(3) DEMANDS STRICT COMPLIANCE, THE INSTANT DEFAULTS AND DEFAULT JUDGMENTS ARE VOID AS A MATTER OF LAW

### A. Standard of Review

■■■ The decision to grant or deny a Rule 60(b) motion to set aside a default judgment is generally committed to the sound discretion of the trial court. *Schraufnagel v. Quinowski,* 113 Idaho 753, 754, 747 P.2d 775, 776 (Ct.App.1987). However, where a default and default judgment are granted based on Rule 11(b)(3) and later challenged under Rule 60(b)(4), the standard of review is de novo. *Reinwald v. Eveland,* 119 Idaho 111, 112, 803 P.2d 1017, 1018 (Ct. App.1991). It is a question of law whether the strictures of Rule 11(b)(3) were satisfied. *Id.* Likewise, relief from a void judgment pursuant to Rule 60(b)(4) is nondiscretionary and is subject to free review on appeal. *Dragotoiu v. Dragotoiu,* 133 Idaho 644, 647, 991 P.2d 369, 372 (Ct.App.1998).

### B. Analysis

■■■ Davis and J & J contend that the defaults and default judgments entered against them pursuant to I.R.C.P 11(b)(3) were invalid because the order authorizing the withdrawal of their attorney did not strictly comply with the dictates of the rule and was not properly served. Idaho Rule of Civil Procedure 11(b)(3) requires that the order of withdrawal specifically inform the now unrepresented party that the failure to make a new written appearance in person or through new counsel shall be sufficient grounds for entry of a default judgment or dismissal of the party's claims "with prejudice, without further notice." The rule also dictates that the withdrawing attorney make service upon the client "by personal service

---

**2.** We note that a new district judge presided over the entry of this default and default judgment

after the previous judge retired before the resolution of this case.

or by certified mail," and "file proof of service with the court." This Court in *Reinwald* stated: "It is well settled that strict compliance, not substantial compliance, is required when Rule 11(b)(3) is applicable." 119 Idaho at 114, 803 P.2d at 1020. Judgments obtained without strict compliance to this rule are void. *Wright v. Wright*, 130 Idaho 918, 921, 950 P.2d 1257, 1260 (1998). As stated by the Idaho Supreme Court:

> This Court agrees that there must be strict compliance with Rule 11(b)(3) to obtain a valid judgment. The effect of the rule is to allow a party to be defaulted though the party has obtained counsel to represent his or her interests in the action and may have taken other significant steps to defend the claim.

*Id.* at 921, 950 P.2d at 1260.

In *Knight Ins., Inc. v. Knight*, 109 Idaho 56, 60, 704 P.2d 960, 964 (Ct.App.1985), this Court stated that:

> Rule 11(b)(3) provides a *readily identifiable, straightforward requirement* for counsel and the courts to satisfy. Compliance with the rule obviates any need for judges to weigh conflicting evidence of actual notice or to speculate concerning a litigant's state of mind. An entitlement to relief [when there is strict compliance with the rule] produces *consistent, predictable results,* unaffected by the varying philosophies that underlie exercises of discretion by individual judges.

(Emphasis added.) Fisher Systems readily *admits* that Rule 11(b)(3) was not strictly complied with because the withdrawal order was not sent by certified mail or personally served on Davis—it was sent by regular mail by the clerk of the court. Fisher Systems further admits that the withdrawing attorney did not file proof of service with the court, as is required.[3] In addition, the withdrawal order itself was deficient on its face in that it failed to include the precise dictates of the rule that default and default judgment could be taken "without further notice" and that defendants' claims could be dismissed "with prejudice."

Accordingly, we hold that the defaults and default judgments entered against J & J and Davis were invalid for failure to strictly satisfy the plain requirements of I.R.C.P. 11(b)(3). Since the district court previously erred in granting defaults and default judgments under I.R.C.P. 11(b)(3), the court also reached an improper conclusion with respect to the later motion under I.R.C.P. 60(b)(4) to set aside the void judgments. Davis and J & J are therefore entitled to relief as a matter of law unless their motion was not timely filed.

## III.

## THE TIMELINESS OF THE I.R.C.P. 60(b)(4) MOTION

Idaho Rule of Civil Procedure 60(b) provides: "The motion shall be made within a reasonable time, and for reasons (1), (2), (3) and (6) not more than six (6) months after the judgment, order, or proceeding was entered or taken." Therefore, a Rule 60(b) motion based on subsections other than those listed above shall be made within a "reasonable time." This "reasonable time" determination occurs without respect to the six-month threshold applicable to subsections (1), (2), (3) and (6) of Rule 60(b). *Puphal v. Puphal*, 105 Idaho 302, 306, 669 P.2d 191, 195 (1983). What constitutes a "reasonable time" is based upon the facts of each case. *Viafax Corp. v. Stuckenbrock*, 134 Idaho 65, 70–71, 995 P.2d 835, 840–41 (Ct.App.2000). "The question of reasonableness is ordinarily a question of fact to be resolved by the trier of fact after both parties have had an opportunity to try this issue." *Thiel v. Stradley*, 118 Idaho 86, 88, 794 P.2d 1142, 1144 (1990).

This issue was not reached below due to the district court's erroneous determination that the default judgments were not void under Rule 60(b)(4). Where, however, the uncontroverted facts will only admit of one conclusion, an appellate court can decide the issue. *See Mason v. Tucker and Associates*, 125 Idaho 429, 434, 871 P.2d 846, 851 (Ct.App.1994); *Full Circle, Inc. v. Schelling*, 108 Idaho 634, 638, 701 P.2d 254, 258 (Ct. App.1985). We have reviewed the record

---

**3.** We note that in these situations opposing counsel may petition the trial court to force a withdrawing attorney to strictly comply with I.R.C.P. 11(b)(3) in order to avoid future attacks on the validity of a subsequently secured default judgment.

and find no basis to conclude that the delay of five months was unreasonable under the facts and circumstances of this case for purpose of Rule 60(b)(4).[4] Fisher did not challenge the timeliness of the motion under Rule 60(b)(4) and presented no evidence that it was prejudiced by the lapse of time. Therefore, we hold as a matter of law that Davis' Rule 60(b)(4) motion was brought within a reasonable time and remand of this issue to the district court is unnecessary.

## IV.

## CONCLUSION

The district court erred as a matter of law in failing to set aside the defaults and default judgments against the defendants pursuant to Rule 60(b)(4) on the basis that the judgments were void.[5] The default judgments are vacated and the case remanded. Costs are hereby awarded to Davis and J & J.

LANSING, J., and WILPER, J. Pro Tem, concur.

4. We note that many other jurisdictions have severely relaxed or completely done away with the "reasonable time" requirement as to Rule 60(b)(4) motions. *See Beller & Keller v. Tyler,* 120 F.3d 21, 24 (2nd Cir.1997) (explaining that "[c]ourts have been exceedingly lenient in defining the term "reasonable time," with regard to voidness challenges. In fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void 'may be made at any time' "); *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind,* 841 F.2d 646, 649 (5th Cir.1988) (citing to WRIGHT & A. MILLER and holding that "there is generally no timeliness requirement applicable to a Rule 60(b)(4) motion"); *Kennecorp Mortgage & Equities, Inc. v. First National Bank of Fairbanks,* 685 P.2d 1232, 1236 (Alaska 1984), *quoting* WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2862 (stating "there is no time limit on an attack on a judgment as void"); *National Investment Company,*

*Inc. v. Estate of Bronner,* 146 Ariz. 138, 704 P.2d 268, 270 (1985) (holding that "the reasonable time requirement ... does not apply when a judgment is attacked as void"); *United Bank of Boulder v. Buchanan,* 836 P.2d 473, 477–78 (Colo.App.1992) (holding that "a void judgment is no judgment at all and, therefore, ... the reasonable time requirement of the rule ... [is] no time limitation"); *In re Marriage of Markowski,* 50 Wash.App. 633, 749 P.2d 754 (1988) (holding that a motion to vacate a default judgment as void "may be brought at any time after the entry of judgment"). *Compare Harter v. Products Management Corp.,* 117 Idaho 121, 122, 785 P.2d 685, 686 (Ct.App.1990).

5. Because of our ruling today, the issues of whether Davis was entitled to relief under Rule 60(b)(1) for excusable neglect or under Rule 60(b)(6) based on "other grounds" need not be addressed by this Court on appeal.