162 P.3d 789

**Leodegario Cruz MARTINEZ, Plaintiff–Appellant,**

v.

**Kelly D. BROWN, Defendant–Respondent.**

**No. 32815.**

Court of Appeals of Idaho.

May 31, 2007.

GUTIERREZ, Judge.

Leodegario Cruz Martinez appeals from the district court's dismissal of his negligence action. We reverse and remand.

## I.

### FACTS AND BACKGROUND

Martinez and Kelly D. Brown were involved in an automobile accident in Canyon County. Martinez, through counsel, filed a complaint against Brown. During the course of the litigation, Martinez's attorney moved to withdraw as counsel. Martinez requested but was denied court-appointed counsel. On September 27, 2005, the district court granted counsel's motion to withdraw as the attorney of record and pursuant to Idaho Rule of Civil Procedure 11(b)(3), ordered Martinez "to appoint another attorney to appear or appear in person by filing a written notice with the court stating how the Plaintiff will proceed without an attorney" within twenty days from the mailing of the order or face dismissal of his claim without further notice. Martinez was served with the court's order at the Idaho Department of Corrections where he was incarcerated.

Another attorney did not appear on Martinez's behalf, nor did Martinez appear himself within the twenty-day period and on January 26, 2006, Brown filed a motion for dismissal with prejudice. Martinez responded on February 2, by filing an objection to the motion for dismissal with prejudice based on the fact he was not appointed counsel. The district court granted Brown's motion to dismiss with prejudice, and Martinez now appeals.

## II.

### ANALYSIS

Martinez argues the district court erred by dismissing his claim with prejudice where he failed, after receiving the court's order, to appoint new counsel or file notice with the court stating how he would proceed without an attorney within the statutory timeframe. According to Idaho Rule of Civil Procedure 11(b)(3), once counsel is granted leave to withdraw, the court is to enter an

Leodegario Cruz Martinez, Boise, pro se appellant.

Saetrum Law Offices, Boise, for respondent.

order directing the withdrawing attorney's client to appoint another attorney to appear or appear in person within twenty days from the mailing of the order. Failure of the client to do so within twenty days establishes sufficient ground for the entry of a default judgment with prejudice and without further notice.[1] However, the rule requires the order of withdrawal to specifically inform the now unrepresented party that the failure to make a new written appearance in person or through new counsel shall be sufficient grounds for entry of a default judgment or dismissal of the party's claims *"with prejudice, without further notice." Fisher Systems Leasing, Inc. v. J & J Gunsmithing & Weaponry Design, Inc.,* 135 Idaho 624, 627, 21 P.3d 946, 949 (Ct.App.2001) (emphasis added). Judgments obtained without strict compliance to this rule are void. *Wright v. Wright,* 130 Idaho 918, 921, 950 P.2d 1257, 1260 (1998); *Fisher Systems,* 135 Idaho at 628, 21 P.3d at 950. As stated by the Idaho Supreme Court:

> This Court agrees that there must be strict compliance with Rule 11(b)(3) to obtain a valid judgment. The effect of the rule is to allow a party to be defaulted though the party has obtained counsel to represent his or her interests in the action and may have taken other significant steps to defend the claim.

*Wright,* 130 Idaho at 921, 950 P.2d at 1260. Similarly, in *Knight Ins., Inc. v. Knight,* 109 Idaho 56, 60, 704 P.2d 960, 964 (Ct.App.1985), we stated that:

Rule 11(b)(3) provides a readily identifiable, straightforward requirement for counsel and the courts to satisfy. Compliance with the rule obviates any need for judges to weigh conflicting evidence of actual notice or to speculate concerning a litigant's state of mind. An entitlement to relief [when there is strict compliance with the rule] produces consistent, predictable results, unaffected by the varying philosophies that underlie exercises of discretion by individual judges.

In this case, the district court's order of withdrawal failed to notify Martinez that his claim could be dismissed "with prejudice" should he fail to appoint a new attorney to appear or to appear on his own behalf within the designated time period. Accordingly, we hold the default judgment entered against Martinez was invalid for failure to strictly satisfy the plain requirements of I.R.C.P. 11(b)(3).

We therefore reverse the district court's dismissal with prejudice of Martinez's civil action and remand for further proceedings. Costs, but not attorney fees, are awarded to the appellant, Martinez.

Chief Judge PERRY and Judge LANSING concur.

1. In its entirety, Idaho Rule of Civil Procedure 11(b)(3) states:

> If an attorney is granted leave to withdraw, the court shall enter an order permitting the attorney to withdraw and directing the attorney's client to appoint another attorney to appear, or to appear in person by filing a written notice with the court stating how the client will proceed without an attorney, within 20 days from the date of service or mailing of the order to the client. After an order is entered, the withdrawing attorney shall forthwith, with due diligence, serve copies of the same upon the client and all other parties to the action and shall file proof of service with the court. The withdrawing attorney may make such service upon the client by personal service or by certified mail to the last known address most likely to give notice to the client, which service shall be complete upon mailing. Upon the entry of an order granting leave to an attorney to withdraw from an action, no further proceedings can be had in that action which will affect the rights of the party of the withdrawing attorney for a period of 20 days after service or mailing of the order of withdrawal to the party. If such party fails to file and serve an additional written appearance in the action either in person or through a newly appointed attorney within such 20 day period, which failure shall be sufficient ground for entry of default and default judgment against such party or dismissal of the action of such party, with prejudice, without further notice, which shall be stated in the order of the court. The attorney shall provide the last known address of the client in any notice of withdrawal.