**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42128**

| | | |
|---|---|---|
| **CHARLES LYTLE,** | ) | **2015 Opinion No. 13** |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Filed: March 16, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JULIE LYTLE,** | ) | |
| | ) | |
| **Defendant-Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge. Hon. Michelle R. Mallard, Magistrate.

Order of the district court, on intermediate appeal from the magistrate court, affirming order denying motion for relief from judgment, affirmed.

Petersen, Moss, Hall & Olsen, Idaho Falls, for appellant. Nathan M. Olsen argued.

Denman & Reeves, Idaho Falls, for respondent. Reginald R. Reeves argued.

_____

SCHWARTZMAN, Judge Pro Tem

Charles Lytle appeals from the district court's order on intermediate appeal, affirming the magistrate's denial of his motion for relief from judgment pursuant to Idaho Rule of Civil Procedure 60(b)(4). For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

On October 1, 1991, Charles Lytle filed for divorce from Julie Lytle. During the original divorce proceedings, Charles was a long-haul truck driver and did not have a permanent address. Julie filed an answer and counterclaim on October 17, 1991, in which she requested custody of, and support for, their minor child and that Charles "should be required to pay her maintenance in the sum of $1,500 monthly." Charles's counsel subsequently filed a motion to withdraw, which was granted on May 19, 1992. In the order allowing Charles's legal counsel to withdraw,

Charles was given twenty days to file a written appearance. The order further notified Charles that failure to file and serve a written appearance would be a sufficient ground for entry of default and default judgment against him without further notice. Charles did not respond. On September 14, 1992, the magistrate entered default judgment in favor of Julie and ordered Charles to pay Julie a monthly sum of $1,963 for spousal maintenance until her death or remarriage, together with child support.

More than twenty years later, on December 17, 2012, Charles filed a motion for relief from judgment, asking the magistrate to set aside the judgment because it violated I.R.C.P. 54(c) and 60(b)(4) and was therefore void. Julie argued that the motion be denied for failure to file such within a reasonable time, as required by Rule 60(b). In its ruling, the magistrate considered that Charles was the plaintiff in the action, that he admitted to knowing about the judgment "several years" after it was entered, claimed that his job and travel prevented him from pursuing the matter "for many years," and that default was not entered until three months after withdrawal of his counsel. Finally, the magistrate explained that upholding finality of judgments was important in this case. Thereupon, the magistrate denied Charles's motion for relief from judgment, explaining that "twenty years is not a reasonable time to set aside a Default Decree under almost any imaginable set of circumstance."[1] Charles appealed to the district court, which affirmed. Charles again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review

---

[1] The magistrate assumed that the default decree entered in 1992 exceeded the amount demanded in the complaint in violation of Rule 54(c) and that the default and judgment were improperly entered. For purposes of our ruling, we will likewise assume, arguendo, that the judgment is void.

the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *Id.*

## III.

## ANALYSIS

### A.      Reasonable Time

Charles raises a single issue on appeal--whether a void judgment can be challenged under Rule 60(b)(4) at any time or whether relief from judgment must be sought within a reasonable time. This is a question of law. Over questions of law, we exercise free review. *Kawai Farms, Inc. v. Longstreet*, 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992); *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989). The rule at issue in this case, Rule 60(b), states:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than six (6) months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. Such motion does not require leave from the Supreme Court, or the district court, as the case may be, as though the judgment has been affirmed or settled upon appeal to that court. This rule does not limit the power of a court to: (i) entertain an independent action to relieve a party from a judgment, order or proceeding, or (ii) to set aside, as provided by law, within one (1) year after judgment was entered, a judgment obtained against a party who was not personally served with summons and complaint either in the state of Idaho or in any other jurisdiction, and who has failed to appear in said action, or (iii) to set aside a judgment for fraud upon the court.

Charles argues that, despite the "reasonable time" language in the rule, relief from a void judgment can be sought regardless of the amount of time that passed prior to requesting such relief. Charles has cited a number of cases from other jurisdictions regarding the treatment of void judgments generally and asks this Court to hold that a void judgment can be challenged at any time under Rule 60(b)(4), without requiring the challenge to be brought within a reasonable

3

time.  Alternatively, Charles argues that any time is reasonable to challenge a void judgment. Charles claims no Idaho appellate court has directly addressed the issue.  We disagree.

In *McGrew v. McGrew*, 139 Idaho 551, 82 P.3d 833 (2003), an ex-spouse filed a motion to set aside a specific provision of a default divorce decree--the award of retirement benefits--claiming the provision was void.  Twenty-one months had elapsed before she brought her Rule 60(b) motion for relief.  The Idaho Supreme Court held:

> To obtain relief from a void judgment under Rule 60(b)(4) of the Idaho Rules of Civil Procedure, a party must bring a motion for such relief within a reasonable time.  Where judgment is entered without the party's knowledge, what constitutes a reasonable time is judged from the time that the party learned of the judgment.

*McGrew*, 139 Idaho at 559, 82 P.3d at 841 (citation omitted).  The Court also discussed, in passing, that the question whether the twenty-one months was reasonable was left open.  *Id*. Similarly, in *Wright v. Wright*, 130 Idaho 918, 922, 950 P.2d 1257, 1260 (1998), the Idaho Supreme Court stated:

> The district court applied the proper standard in determining whether the Wrights had acted within a reasonable time, determining that they had acted promptly once they learned of the judgment.

These cases clearly indicate that relief must be sought within a reasonable time from when the party learns of a default judgment and that a reasonable amount of time to challenge a void judgment is something less than "any time."

Consistent with the Idaho Supreme Court's cases addressing the issue, this Court has concluded that a Rule 60(b)(4) motion must be brought within a reasonable time and that what constitutes a reasonable time is based upon the facts of each case, stating:

> We have reviewed the record and find no basis to conclude that the delay of five months was unreasonable under the facts and circumstances of this case for purpose of Rule 60(b)(4). . . . Therefore, we hold as a matter of law that [the party's] Rule 60(b)(4) motion was brought within a reasonable time and remand of this issue to the district court is unnecessary.

*Fischer Sys. Leasing, Inc. v. J & J Gunsmithing & Weaponry Design, Inc.*, 135 Idaho 624, 628-29, 21 P.3d 946, 950-51 (Ct. App. 2001) (footnote omitted); *see also Meyer v. Meyer*, 135 Idaho 460, 462, 19 P.3d 774, 776 (Ct. App. 2001).

A plain reading of Rule 60(b), along with *McGrew*, *Wright*, *Fischer* and *Meyer*, all require that a Rule 60(b)(4) motion must be brought within a reasonable time.  Further, were we

4

to hold that any amount of time is reasonable, as Charles claims, the "reasonable time" language in the rule would be rendered completely superfluous.

In this case, the magistrate *technically* erred in finding that "twenty years is not a reasonable time to set aside a Default Decree under almost any imaginable set of circumstance." The focus of reasonableness in the context of Rule 60(b)(4) should not have been the entire twenty years that had elapsed since the judgment was entered, but the amount of time that transpired from when Charles first became aware of the judgment and the filing of his motion for relief under Rule 60(b)(4). According to Charles's affidavit, he became aware of the default judgment "several years" after the judgment was entered. Charles also acknowledged that he did nothing about the default decree "for many years" because his "job and travel prevented [him] from truly being able to deal with this issue." It appears from Charles's own admission that he knew about the judgment many years before filing his motion to set it aside. Charles has not provided any argument, justification, or authority justifying his years-long delay in seeking relief from the judgment. Because Charles has failed to show, or even argue, that his motion for relief was brought within a reasonable time, we affirm the district court.

### B.    Attorney Fees

Julie requests attorney fees on appeal. An award of attorney fees under I.C. § 12-121 and I.A.R. 41 is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). Julie's request for attorney fees is granted because this Court is left with the abiding belief that Charles's appeal has been brought unreasonably and without legal foundation.

### IV.

### CONCLUSION

Charles's motion for relief from the judgment, pursuant to Rule 60(b)(4), was required to be made within a reasonable time from when he became aware of the judgment. Charles has failed to show or argue that his motion was brought within a reasonable time. Therefore, we affirm the district court's order on intermediate appeal, affirming the magistrate's denial of Charles's motion for relief from judgment pursuant to I.R.C.P. 60(b)(4). Costs and attorney fees are awarded to respondent, Julie Lytle, on appeal.

Judge LANSING and Judge GUTIERREZ, **CONCUR**.

5