19 P.3d 774

**Jo Anne MEYER, Plaintiff–Respondent,**

v.

**Robert Louis MEYER, Defendant–Appellant.**

No. 26336.

Court of Appeals of Idaho.

Feb. 27, 2001.

Harrigfeld, Pica Stoddard, Boise, for appellant. John A. Miller argued.

Cosho, Humphrey, Greener Welsh, Boise, for respondent. Tore B. Gwartney argued.

PERRY, Judge.

Robert Louis Meyer appeals from the district court's order affirming the magistrate's denial of his motion to set aside the division of property in a decree of divorce. For the reasons set forth below, we reverse and remand for further proceedings.

## I.

## BACKGROUND

On July 23, 1997, Jo Anne Meyer filed a complaint seeking a decree of divorce. In September 1997, and January 1998, status and scheduling conferences were held by the magistrate at which Robert was represented by counsel. On May 1, 1998, Robert filed an answer, contesting the allegations contained in Jo Anne's complaint, including the requested division of community assets and debts. On May 11, 1998, the magistrate entered an order allowing Robert's counsel to withdraw as attorney of record. The order directed Robert to appear in person or appoint another attorney within twenty days from the date of the order. The order further informed Robert that failure to appear as required would result in the entry of a default judgment. Robert failed to appear either personally or through a newly appointed attorney during the twenty-day period. On June 15, 1998, the magistrate conducted a default divorce hearing, at which Robert was not present, and granted a divorce decree. The property division in the decree differed substantially from that requested in Jo Anne's complaint.

On June 22, 1998, Robert filed a motion to set aside the portion of the divorce decree that dealt with the division of the marital property. This motion was later withdrawn on September 15. Robert did not appeal the divorce decree. On June 14, 1999, Robert again moved to set aside the property division portion of the divorce decree on the basis that the magistrate had awarded property differently than was set forth and prayed for in Jo Anne's complaint.[1] After a hearing, the magistrate denied Robert's motion. Robert appealed to the district court, which affirmed the magistrate. Robert again appeals.

## II.

## STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Hentges v. Hentges*, 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988).

Idaho Civil Rule of Procedure 60(b) enunciates a variety of grounds upon which relief from a judgment may be obtained. Discretionary relief is permitted, under subsection (b)(1), for mistake, inadvertence, surprise, or excusable neglect. *Knight Ins., Inc., v. Knight*, 109 Idaho 56, 58–59, 704 P.2d

---

1. We note that the record in the instant case contains neither a copy of Robert's motion to set aside the judgment nor any response to this motion which may have been filed by Jo Anne.

960, 962–63 (Ct.App.1985). A party may also move to set aside a final judgment that is void pursuant to Rule 60(b)(4). However, relief from a void judgment pursuant to Rule 60(b)(4) is nondiscretionary. *Dragotoiu v. Dragotoiu*, 133 Idaho 644, 647, 991 P.2d 369, 372 (Ct.App.1998). Thus, we exercise free review on appeal. *Id.*

## III.

## ANALYSIS

■ Robert argues that because the magistrate's division of the marital property was in the form of a default judgment, the magistrate's jurisdiction over the marital property was limited to the relief prayed for in Jo Anne's complaint. Robert asserts that the magistrate exceeded its subject matter jurisdiction by failing to divide the marital property in accordance with the prayer for relief set out in Jo Anne's complaint. Thus, Robert contends that the portion of the divorce decree that dealt with the division of the marital property is void.

Rule 60(b) sets forth a number of reasons for which a court may relieve a party from a final judgment, order or proceeding. Specifically, Rule 60(b)(4) grants a court the authority to relieve a party from a final judgment if "the judgment is void." However, a court's authority to relieve a party from a final judgment pursuant to Rule 60(b) is not without limits. Rule 60(b) states that a motion to set aside a judgment must "be made within a reasonable time, and for reasons (1), (2), (3) and (6) not more than six (6) months after the judgment, order, or proceeding was entered or taken." Based on the transcript from the magistrate proceedings below, it is apparent that Robert's motion to set aside the judgment was brought pursuant to Rule 60(b)(4). Thus, the six-month time limit is not applicable, but Robert was required to bring the motion within a "reasonable time" following the entry of the divorce decree.

■ Robert's motion to set aside the judgment was brought nearly one year after the magistrate entered the divorce decree dividing the marital property. However, Jo Anne did not challenge Robert's motion below on the basis that it was not brought within a reasonable time. Furthermore, Robert's motion to set aside the judgment was not denied on the grounds that it was untimely, but rather on the grounds that the decree was not void. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Therefore, this Court will not consider for the first time on appeal whether Robert's motion was filed within a "reasonable time" as required by Rule 60(b). However, because our ultimate conclusion results in a remand to the magistrate, the parties are not precluded by our opinion today from raising this issue.

■ A party is entitled to relief under Rule 60(b)(4) if the underlying judgment is deemed to be void. Therefore, the issue before us is whether the portion of the divorce decree pertaining to the division of Robert and Jo Anne's marital property is void as a matter of law. In order for a judgment to be void, there must be some jurisdictional defect in the court's authority to enter the judgment, either because the court lacks personal jurisdiction or because it lacks jurisdiction over the subject matter of the suit. *Puphal v. Puphal*, 105 Idaho 302, 306, 669 P.2d 191, 195 (1983); *Dragotoiu*, 133 Idaho at 647, 991 P.2d at 372. In the instant case, Robert asserts that the magistrate exceeded its subject matter jurisdiction by failing to divide the marital property in accordance with the prayer for relief set out in Jo Anne's complaint. In support of this assertion, Robert relies on the language contained in I.R.C.P. 54(c). Rule 54(c) provides that "a judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Thus, by its language Rule 54(c) expressly limits the authority of a court in entering a judgment by default.

■ Jo Anne argues that because Robert filed an answer contesting her requested division of their community property, the limitations contained in Rule 54(c) were inapplicable, and that the divorce decree and property division did not constitute a judgment by default. We are not persuaded. On May 11, 1998, the magistrate filed an

order granting leave to Robert's counsel to withdraw as attorney of record in this case. The magistrate's order instructed Robert that failure to further appear in the action, either in person or through a newly appointed attorney within twenty days from the date of the order, would be sufficient ground for entry of default and default judgment against Robert pursuant to I.R.C.P. 11(b)(3). Robert failed to make an appearance within such twenty-day period and a "default divorce hearing" was then held before the magistrate. Robert did not appear at the default divorce hearing, and upon receiving Jo Anne's evidence, the magistrate issued a divorce decree that included therein a division of the marital property. Thus, we conclude that the divorce decree and division of the marital property constituted a judgment by default subject to the limitations of Rule 54(c).

■ However, Rule 54(c) does not result in a void judgment unless the judgment by default was different in kind from or exceeded in amount than that prayed for in the demand for judgment. In the instant case, Jo Anne's complaint contained the following prayer for relief:

2. [Jo Anne] should be awarded as her sole and separate property, free and clear of any interest of [Robert], the following:

a. The two dogs Pete and Sugar.

b. 1991 Ford Explorer automobile.

c. 1978 Corvette automobile.

d. Property (duplex) located at 1880 and 1882 S. Arcadia St., Boise, Idaho.

e. One half of Merrill Lynch savings account.

f. All life insurance.

g. Cleaning business and all property associated therewith.

h. Property located at 4200 Clinton St., Boise, Idaho, and all household furniture and appliances.

i. 1975 Mercedes automobile.

3. [Robert] should be awarded as his sole and separate property, free and clear of any interest of [Jo Anne], the following:

a. The two dogs Beeper and Baby.

b. 1983 GMC Van.

c. 1973 Dodge pick up truck.

d. 1976 Dodge Motorhome.

e. 12' Smoker Craft boat.

f. 18' Jet boat.

g. Property located at 3715 Lindsay, Boise, Idaho.

h. 1980 trailer.

k. Pawn shop and all debt associated therewith.

l. Tools and personal belongings.

m. 1977 Harley Davidson motorcycle.

n. One half of Merrill Lynch savings account.

Contrary to the list of specific property prayed for in Jo Anne's complaint, the portion of the divorce decree which dealt with the division of the marital property awarded Jo Anne, among other items of property, the 18' jet boat, the Harley Davidson motorcycle, and the real property located at 3715 Lindsay. In exchange, Robert was awarded the real property on Arcadia Street. The district court ruled that the property exchanged was the "same in kind" under Rule 54(c). However, the property and debt schedule attached to the divorce decree shows the difference in equity value between the Arcadia property and the Lindsay property to be approximately $216,000. Thus, the default divorce decree and property division resulted in Jo Anne being awarded marital property that exceeded the amount prayed for in her complaint by more than $216,000. As argued before the magistrate, Robert's first notice that the property award would be different than that prayed for in the complaint came when he received the decree. Therefore, we conclude that the portion of the default divorce decree pertaining to the division of the marital property exceeded the amount prayed for in contravention of Rule 54(c). Accordingly, we hold that it is void as a matter of law. *See Johnson v. Hartford Ins. Group,* 99 Idaho 134, 137–38, 578 P.2d 676, 679–80 (1978); *Hayes v. Towles,* 95 Idaho 208, 211, 506 P.2d 105, 108 (1973).

### IV.

### CONCLUSION

The portion of the default divorce decree pertaining to the division of the marital prop-

erty is void as a matter of law. Therefore, we reverse the district court's order affirming the magistrate's denial of Robert's motion to set aside the judgment and remand this matter to the magistrate for further proceedings. Costs, but not attorney fees, are awarded to the appellant, Robert Meyer.

Chief Judge SCHWARTZMAN and Judge LANSING concur.