## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 48360

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 10, 2022 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MICHAEL JOSEPH SHERIDAN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Fremont County. Hon. Dane H. Watkins, Jr., District Judge.

Order denying Idaho Rule of Civil Procedure 60(b)(4) motion for relief from void judgment, <u>affirmed</u>.

Michael J. Sheridan, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Michael Joseph Sheridan appeals from the district court's denial of his Idaho Rule of Civil Procedure 60(b)(4) motion for relief from a void judgment. Sheridan argues that his judgment of conviction for voluntary manslaughter with a deadly weapon enhancement is void for lack of subject matter jurisdiction and that the district court denied him due process and fundamental fairness in hearing his Rule 60(b)(4) motion. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

This Court has previously set forth the factual and procedural background of the underlying criminal case and Sheridan's efforts to overturn his conviction in that case:

> In 1999, Sheridan was convicted of voluntary manslaughter with a weapons enhancement as a result of the shooting death of Chris Niendorf. Initially, the State charged Sheridan with first degree murder of Niendorf and with

1

aggravated assault of Niendorf's wife. A jury acquitted Sheridan of first and second degree murder, but found him guilty of manslaughter and aggravated assault both with deadly weapon enhancements. Subsequently, the district court ordered a new trial after it discovered that the bailiff had made inappropriate comments to the jury during jury deliberation. Sheridan moved to dismiss the charges on double jeopardy grounds. The district court determined that Sheridan could not be retried on the first and second degree murder charges. However, the district court held that he could be retried for manslaughter, aggravated assault, and the deadly weapon enhancements.

A retrial resulted in a jury finding Sheridan not guilty of aggravated assault, but guilty of manslaughter with a deadly weapon enhancement. The district court sentenced Sheridan to twenty-five years with fifteen years determinate, and this Court affirmed his conviction. Sheridan filed a petition for review which was denied by the Idaho Supreme Court. Thereafter, Sheridan filed for post-conviction relief; the district court dismissed his petition[;] and the Idaho Supreme Court affirmed. In 2016, Sheridan filed a pro se Idaho Criminal Rule 35 motion for correction of illegal sentence claiming that his retrial violated double jeopardy and, thus, the district court did not have subject matter jurisdiction over the retrial.

*State v. Sheridan*, Docket No. 45365 (Ct. App. Dec. 21, 2018) (unpublished). This Court rejected Sheridan's argument that the trial court lacked subject matter jurisdiction and affirmed the district court's order denying Sheridan's Idaho Criminal Rule 35 motion. *Id.*

In 2020, Sheridan filed a motion seeking relief from the judgment of conviction under Idaho Rule of Civil Procedure 60(b)(4). In support, Sheridan argued the trial court lacked subject matter jurisdiction to prosecute him in the second trial "because there was never a conviction entered into the record [after the first trial]. The only word entered was 'mistrial.'" The State argued that this Court had already previously rejected Sheridan's challenge to the trial court's subject matter jurisdiction. Nevertheless, the State argued that the trial court had jurisdiction over the underlying felony and that Sheridan made his Rule 60(b)(4) motion "almost 20 years past" the judgment, which was not within a "reasonable time." The district court denied Sheridan's motion. It noted that this Court had previously rejected Sheridan's subject matter jurisdiction challenge in *Sheridan*, Docket No. 45365, and that Sheridan failed to assign error to the charging document which gave rise to the trial court's subject matter jurisdiction.

Sheridan appeals.[1]

---

[1]     Sheridan's notice of appeal was not timely. The Idaho Supreme Court, however, entered an order extending the time for Sheridan's appeal under Idaho Criminal Rule 49(c).

## II.

## STANDARD OF REVIEW

Idaho Rules of Civil Procedure apply in all actions "of a civil nature." I.R.C.P. 1(b). Rule 60(b) enunciates a variety of grounds upon which relief from a judgment may be obtained. A party may move to set aside a final judgment that is void pursuant to Rule 60(b)(4). Generally, appellate courts exercise free review on appeal from the denial of a Rule 60(b)(4) motion. *Meyer v. Meyer*, 135 Idaho 460, 461-62, 19 P.3d 774, 775-76 (Ct. App. 2001).

Similarly, whether a trial court lacks subject matter jurisdiction is a question of law over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). In a criminal case, the filing of an information alleging that an offense was committed within the state of Idaho confers subject matter jurisdiction. *Id.* at 757-58, 101 P.3d at 701-02. Because the information provides the trial court's subject matter jurisdiction, the trial court's jurisdictional power depends on the charging document being legally sufficient to survive a challenge. *Id.* at 758, 101 P.3d at 702. Whether a charging document conforms to the requirements of law and is legally sufficient is also a question of law subject to free review. *Id.*

A challenge asserting the charging information is jurisdictionally deficient is never waived and may be raised at any time, including for the first time on appeal. *Id.* at 758, 101 P.3d at 702. When the information's jurisdictional sufficiency is challenged after trial, it will be upheld unless it is so defective that it does not, by any fair or reasonable construction, charge the offense for which the defendant was convicted. *Id.* at 759, 101 P.3d at 703; *State v. Robran*, 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct. App. 1991). A reviewing court has considerable leeway to imply the necessary allegations from the language of the information. *Jones*, 140 Idaho at 759, 101 P.3d at 703; *Robran*, 119 Idaho at 287, 805 P.2d at 493. In short, when considering a post-trial challenge to the jurisdictional sufficiency of the information, a reviewing court need only determine that, at a minimum, the information contains a statement of the territorial jurisdiction of the trial court and a citation to the applicable section of the Idaho Code. *State v. Quintero*, 141 Idaho 619, 622, 115 P.3d 710, 713 (2005).

## III.

## ANALYSIS

**A.    Subject Matter Jurisdiction**

Sheridan argues the trial court lacked subject matter jurisdiction for the second trial. Specifically, Sheridan asserts that a jurisdictional defect arose when the court ordered a second trial without a conviction having been entered on the record following the first trial and that, as a result, he is entitled to relief from a void judgment under Rule 60(b)(4). Rule 60(b)(4) provides that, "in order for a judgment to be void, there must be some jurisdictional defect in the court's authority to enter the judgment, either because the court lacks personal jurisdiction or because it lacks jurisdiction over the subject matter of the suit." *Meyer*, 135 Idaho at 462, 19 P.3d at 776.

As an initial matter, Sheridan does not provide any authority that he may bring a civil motion to seek relief from his criminal conviction based on an alleged lack of subject matter jurisdiction. *See* I.R.C.P. 1(b) (providing that civil rules apply to actions "of a civil nature"). The State declines to "address whether I.R.C.P. 60(b) is a proper procedural vehicle to challenge subject matter jurisdiction in a criminal case." The State notes, however, that whether a trial court lacks jurisdiction is a question that may be raised at any time. *See Jones*, 140 Idaho at 757, 101 P.3d at 701. Because Rule 60(b)(4) does not apply in criminal actions, it is not the proper procedural vehicle to challenge subject matter jurisdiction in a criminal case. Regardless, we consider Sheridan's appeal insofar as he argues the trial court lacked subject matter jurisdiction to retry him. *See Jones*, 140 Idaho at 757, 101 P.3d at 701.

As the district court recognized, this Court has previously rejected Sheridan's argument that the trial court lacked subject matter jurisdiction to retry him. *Sheridan*, Docket No. 45365. Res judicata applies to challenges to subject matter jurisdiction. *State v. Wolfe*, 158 Idaho 55, 63, 343 P.3d 497, 505 (2015). The doctrine of res judicata bars relitigation of issues that have been previously decided in an action between the same litigants. *State v. Rhoades*, 134 Idaho 862, 863, 11 P.3d 481, 482 (2000); *State v. Beam*, 115 Idaho 208, 210-11, 766 P.2d 678, 680-81 (1988). The Idaho Supreme Court has noted that "the United States Supreme Court has applied the doctrine of res judicata to subject matter jurisdiction." *Wolfe*, 158 Idaho at 63, 343 P.3d at 505 (concluding res judicata barred successive Rule 35 motions challenging trial court's lack of jurisdiction). Whether res judicata bars an action is a question of law over which we exercise free review. *Rhoades*, 134 Idaho at 863, 11 P.3d at 482.

During the hearing on Sheridan's Rule 60(b)(4) motion, the district court recognized this Court previously rejected Sheridan's argument that the trial court lacked subject matter jurisdiction to retry him. Specifically, in addressing Sheridan's appeal from the trial court's denial of his Rule 35 motion, this Court stated:

> Sheridan contends that "the second trial and subsequent sentencing hearing were (void) due to the absence of jurisdiction over subject matter" because he was subjected to double jeopardy when he was re-tried after his mistrial. Sheridan's application of controlling law is misplaced. Subject matter jurisdiction is conferred on a district court by the charging document so long as the indictment or information "alleges that the defendant committed a criminal offense within the state of Idaho." *State v. Frauenberger*, 154 Idaho 294, 298, 297 P.3d 257, 261 (Ct. App. 2013). Here, Sheridan fails to assign error to the charging document, thus his subject matter jurisdiction argument fails.

*Sheridan*, Docket No. 46365. Accordingly, Sheridan has previously argued the conviction flowing from the second trial was void due to a lack of subject matter jurisdiction, and this Court rejected that argument. Having previously asserted the trial court lacked subject matter jurisdiction, Sheridan is barred from making that argument, even under the guise of a different rule of procedure or motion for relief. *See Wolfe*, 158 Idaho at 63, 343 P.3d at 505.

Even if we consider Sheridan's subject matter jurisdiction argument on the merits, it still fails. The charging document confers subject matter jurisdiction on the trial court. *Jones*, 140 Idaho at 757-58, 101 P.3d at 701-02; *State v. Frauenberger*, 154 Idaho 294, 298, 297 P.3d 357, 261 (Ct. App. 2013). As long as the indictment or information "alleges that the defendant committed a criminal offense within the state of Idaho," the charging document confers subject matter jurisdiction. *Frauenberger*, 154 Idaho at 298, 297 P.3d at 261; *see also State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004). The trial court acquired subject matter jurisdiction over Sheridan in September 1997, when the State charged him by information for offenses committed in Idaho.

In dismissing Sheridan's Rule 60(b)(4) motion, the district court recognized Sheridan failed to assign any error to the charging document that conferred subject matter jurisdiction on the trial court. Rather than assigning a specific error to the charging document,[2] Sheridan argued

---

[2] The charging document is not contained in the record on appeal. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate

a jurisdictional defect arose when the trial court ordered a retrial, without entering a conviction following the first trial. This argument is inapposite to the issue of subject matter jurisdiction. *See Rogers*, 140 Idaho at 228, 91 P.3d at 1132; *Frauenberger*, 154 Idaho at 298, 297 P.3d at 261. Because Sheridan failed to present any argument assigning an error to the charging document, his subject matter jurisdiction argument again fails.

**B.     Due Process**

Sheridan asserts the hearing on his Rule 60(b)(4) motion did not comport with due process, citing the state and federal Constitutions generally. Specifically, Sheridan argues he was denied "fundamental fairness" when the district court "would <u>not</u> comment on whether conviction was entered into the record after (first) trial." Sheridan, however, neither explains how the district court purportedly violated his due process rights by not commenting on whether a conviction was entered after the first trial nor cites any authority in support of his assertion that this failure to comment was a due process violation. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (providing that a party waives an issue on appeal if either authority or argument is lacking). Accordingly, we conclude the district court did not violate Sheridan's due process rights by not specifically responding to his assertion that "there was never a conviction entered into the record. The only word entered was 'mistrial.'"

**C.     Alleged Bias**

Sheridan also contends the district judge was biased and should have recused himself before the hearing on the Rule 60(b)(4) motion. Sheridan argues the judge "had a personal bias or prejudice at the hearing held on (June 11, 2020), due to he (twice) would <u>not</u> comment on whether Sheridan was (convicted) at <u>first trial</u>." The State argues Sheridan failed to preserve this issue for appeal because he did not move to disqualify the district judge. We agree. Sheridan failed to raise this issue before the district court, and we will not be consider it for the first time on appeal. *See State v. Kenner*, 121 Idaho 594, 596, 826 P.2d 1306, 1308 (1992) (holding issue of whether magistrate judge was biased or prejudiced was not preserved because defendant did not move to have judge disqualified and issue was first raised on appeal).

---

record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991).

**D.    Res Judicata**

Sheridan also argues res judicata barred the second trial, asserting "his acquittal of first (and) second degree murder at (first trial) was proof of self-defense, and doctrine of res judicata precluded subsequent prosecution for commission of manslaughter." Sheridan did not, however, raise this argument before the district court. Instead, Sheridan only argued res judicata did not bar him from challenging the trial court's subject matter jurisdiction. Sheridan did not argue res judicata should have also operated to bar a new trial following the mistrial. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Because Sheridan did not raise this issue before the district court, he did not preserve it for appeal. Moreover, Sheridan's argument misunderstands the doctrine of res judicata and the procedural posture of a mistrial. Because of the mistrial, no final judgment was entered after the first trial, and as a result, res judicata does not apply to bar a second trial on charges for which Sheridan was not acquitted. *See Wolfe*, 158 Idaho at 63, 343 P.3d at 505 ("[U]nder res judicata, a valid final judgment rendered on the merits is an absolute bar to a subsequent action between the same parties on the same claim.")

**E.    Fundamental Fairness**

Finally, Sheridan contends he was denied fundamental fairness in the first trial due to the bailiff's inappropriate comments to the jury during jury deliberations, and Sheridan "requests this court to liberally construe this appeal." Again, Sheridan did not present this "fundamental fairness" argument to the district court, and consequently, he did not preserve it for appeal. *See Fodge*, 121 Idaho at 195, 824 P.2d at 126. Moreover, the procedural history of this case shows Sheridan received a second trial due to the bailiff's inappropriate comments. Thus, Sheridan received a remedy for that conduct, and the conduct is not germane to his assertion in his Rule 60(b)(4) motion that the trial court lacked subject matter jurisdiction to retry him.

**IV.**

**CONCLUSION**

Sheridan failed to show the trial court lacked subject matter jurisdiction to retry him, and the district court did not err in denying his Rule 60(b)(4) motion. Therefore, the district court's order denying Sheridan's Rule 60(b)(4) motion is affirmed.

Judge GRATTON and Judge HUSKEY **CONCUR**.