# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45435

|  |  |  |
|---|---|---|
| In the Interest of the: DOE CHILDREN, Children Under Eighteen (18) Years of Age. | ) ) | |
| -------------------------------------------------------- | ) | |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | Boise, February 2018 Term |
| Petitioner-Respondent, | ) ) | 2018 Opinion No. 34 |
| v. | ) ) | Filed: April 13, 2018 |
| JOHN DOE (2017-32), | ) ) | Karel A. Lehrman, Clerk |
| Respondent-Appellant. | ) ) ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Twin Falls County. Hon. Roger Harris, Magistrate Judge.

The magistrate court's judgment is <u>vacated</u>.

Williams Law Office, Chtd., Twin Falls, for appellant.

Honorable Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent Idaho Department of Health and Welfare.

Jamie LaMure, Kimberly, for respondent Guardian Ad Litem.

_____

## SUBMITTED ON THE BRIEFS

BRODY, Justice.

This is an expedited appeal from a magistrate court's judgment terminating John Doe's parental rights as to his minor children KB and AB.

## I. BACKGROUND

John Doe is the father of minor children KB and AB (the "Children"). The Children entered the Idaho Department of Health and Welfare's ("IDHW") custody in December 2014 after the Twin Falls Police declared them to be in imminent danger. The Children were in their

mother's ("Mother") care when the police arrested her for possession of a controlled substance. Law enforcement described the condition of Mother's home at this time as "filthy, cluttered, and containing numerous safety hazards, including raw sewage being present in the basement." Doe and Mother's contacts with IDHW date back to as early as 2002.

IDHW met with Doe and Mother to develop a case plan. The plan was filed on January 21, 2015, and included a number of enumerated tasks for both Doe and Mother to complete in order for them to reunite with the Children. The case plan sought to provide Doe and Mother a framework to address "stable housing, sanitary living conditions, the need to obtain controlled substance abuse treatment, to remain clean/sober, and [to] stay out of jail." The magistrate court issued an order regarding the case plan on January 26, 2015, in which the court stated, "It is contrary to the welfare of the children to remain in their parent's custody." The court also stated that reunification of the Children with their parents is the permanency plan, "which shall be finalized within twelve (12) months."

The magistrate court held review hearings throughout 2015. On December 21, 2015, IDHW petitioned the court for termination, as Doe and Mother had not completed their case plans nor reunited with the Children. The magistrate court held a trial on that petition on October 5, 2016, at which thirteen witnesses testified, including Doe and Mother. The magistrate court issued an order on December 9, 2016, concluding that the parents had showed enough progress "that it would not be in the children's best interest to terminate their parental rights at this time," yet holding its decision in abeyance for three to six months rather than entering judgment. The court stated, "This additional time will allow the parents the opportunity to continue to work their case plans and try to demonstrate that they have the ability to safely and successfully reunite with their children."

Mother relapsed within weeks of the December 2016 order and was arrested for felony possession, kicked out of Drug Court, and went to prison. IDHW again sought to terminate Doe and Mother's parental rights, requesting a date for trial during a subsequent permanency hearing on March 9, 2017. The second trial took place on August 23, 2017. Five witnesses testified, again including Doe and Mother. Though Doe had not completed his required drug treatment regimen by the first trial, he became more actively involved in his treatment plan by the time of the second trial. Doe showed other encouraging signs between the first and second trial as well, including significant progress on his case plan. However, the magistrate court noted

that, despite progress between the first and second trials, Doe still had not completed his case plan nor reunified with his children in the intervening period between the first and second trial. The court issued a Memorandum Decision granting termination of Doe and Mother's parental rights on October 2, 2017, and entered a corresponding judgment ten days later on October 12, 2017. Mother did not appeal, but Doe timely filed his notice of appeal on October 17, 2017.

## II. STANDARD OF REVIEW

Courts must find clear and convincing evidence of grounds for terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2015–01)*, 158 Idaho 764, 767, 351 P.3d 1222, 1225 (2015). "Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain." *Id.* This Court will not disturb a lower court's decision to terminate parental rights if substantial, competent evidence in the record supports the decision. *Id.* "Substantial, competent evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* This Court must independently review the magistrate court record, but is required to draw all reasonable inferences in favor of the magistrate court's judgments since "the magistrate court has the opportunity to observe witnesses' demeanor, to assess their credibility, to detect prejudice or motive, and to judge the character of the parties." *Id.*

## III. ANALYSIS

### A. The magistrate court's procedural error violated Doe's due process rights.

Parents have a fundamental liberty interest in family autonomy and in maintaining a relationship with their children. *Santosky v. Kramer*, 455 U.S. 745, 753 (1982); *Doe (2015–01)*, 158 Idaho at 767, 351 P.3d at 1225. Though this Court generally will not consider on appeal issues not raised by the parties, we have "made exceptions for certain issues in certain types of cases." *State v. Doe*, 144 Idaho 534, 535, 164 P.3d 814, 815 (2007). In *State v. Doe*, this Court outlined one of these narrow carve-outs in addressing the parallel between due process violations in the criminal context and those in child termination cases:

> Fundamental error, as defined in criminal cases, is error which "so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his constitutional right to due process." While this is not a criminal case, the magistrate court's error in applying the incorrect standard affects Doe's fundamental right to raise his own child and violates the due process clause of the Fourteenth Amendment.

*Id.* (quoting *State v. Sheahan*, 139 Idaho 267, 281, 77 P.3d 956, 970 (2003)).

We must ensure that the judiciary functions "in a manner consistent with the individual constitutional rights, both state and federal, of all who appear before the bar of justice." *State v. LePage*, 102 Idaho 387, 391, 630 P.2d 674, 678 (1981). The magistrate court committed procedural error that affected Doe's fundamental rights in this case. In its December 2016 order, the magistrate court stated that "the parents have made enough progress that it would not be in the children's best interest to terminate their parental rights at this time." Thus, IDHW failed to meet its burden at the first trial to provide clear and convincing evidence that Doe's parental rights should be terminated. Idaho Code section 16-2010 mandates that "[w]here the court does not order termination of the parent and child relationship, it shall dismiss the petition." Given the statute's requirement, the magistrate court should have issued a judgment for Doe in accordance with his finding that termination did not serve the Children's best interest. Instead, the magistrate court held its ruling in abeyance rather than entering judgment, and did not dismiss IDHW's petition.

This timeline illustrates the problem with the magistrate court's failure to follow the statutorily-mandated procedure:

**September 14, 2016:** The court issued an order approving adoption as the permanent plan for the Children.

**October 5, 2016:** The court held a termination hearing (the first trial).

**December 9, 2016:** The court issued an order finding that termination is not in the Children's best interest, but did not dismiss the petition nor issue a judgment.

**March 2, 2017:** In its first progress report after the permanency hearing—and the very next docket entry of any kind—IDHW changed to a concurrent permanency goal, but listed "Adoption Relative" as the primary goal and "Reunification" as the secondary goal. In the "Recommendations" section of this report, IDHW requested that the "pending petition to terminate parental rights be once again considered by the court as the Department feels Termination remains in the children's best interest."

The magistrate court's December 2016 order stating that termination is not in the Children's best interest is irreconcilable with IDHW's first official recommendation following that order that termination "remains" in the Children's best interest. This dichotomy is especially noteworthy given Doe's claims regarding IDHW's lack of cooperation in assisting him with reunification efforts with the Children. The magistrate court's October 2017 decision following the second trial highlighted Doe's failure to reunify with the Children as a substantial factor in his ultimate decision to terminate. The magistrate court's procedural error in not entering

4

judgment for Doe and dismissing the petition upon finding that termination was not in the Children's best interest affected Doe's fundamental rights in this case. Indeed, one of the potential effects of a lack of judgment and dismissal—IDHW continuing with termination as the primary goal—may have led directly to Doe's failed reunification efforts.

## IV. CONCLUSION

For the foregoing reasons, the Court vacates the judgment terminating Doe's parental rights and remands the case with instruction to enter a judgment for Doe, *nunc pro tunc* to December 9, 2016, consistent with the order finding that IDHW had not met its burden to show that termination was in the Children's best interest.

Chief Justice BURDICK and Justice BEVAN CONCUR.