# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 51723-2024

| | | |
|---|---|---|
| In the Matter of:  Jane Doe II, <br> A Child Under Eighteen (18) Years of Age. <br> ---------------------------------------------------- <br> JOHN DOE I and JANE DOE I, husband and wife, <br><br>    Petitioners-Appellants, <br><br> v. <br><br> JOHN DOE (2024-23), <br><br>    Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Boise, September 2024 Term <br><br> Opinion filed: December 20, 2024 <br><br> Melanie Gagnepain, Clerk |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Oneida County. Robert C. Naftz, District Judge. Eric Hunn, Magistrate Judge.

The decision of the district court is affirmed.

Parsons Behle & Latimer, Idaho Falls, for Appellants. John E. Cutler argued.

Beard St. Clair Gaffney PA, Idaho Falls, for Respondent. Kristopher D. Meek argued.

---

ZAHN, Justice.

This case concerns a termination of parental rights and adoption proceeding. Jane Doe 1 ("Mother") and John Doe ("Father") had a child out of wedlock. Approximately eight months after the birth of the child, Mother and her fiancé (collectively "Mother") filed a petition to terminate Father's parental rights and allow Mother's fiancé to adopt the child. Mother did not serve a copy of the petition on Father and he did not participate in the proceedings. Following a trial, the magistrate court issued a judgment terminating Father's parental rights and granting the adoption.

After learning of the judgment, Father filed two motions to set aside the judgment pursuant to Idaho Rule of Civil Procedure 60(b). This appeal concerns Father's second motion, in which Father argued that the judgment was void under Rule 60(b)(4) because his constitutional due

1

process rights had been violated due to lack of notice. The magistrate court denied the motion, finding Father's claim for relief was barred by the doctrine of res judicata. The district court disagreed, reversed the magistrate court's order, and remanded the matter for the magistrate court to consider the motion on its merits relating to his due process argument.

Mother appeals the district court's decision reversing the magistrate court and argues that Father's Rule 60(b)(4) motion is barred by several procedural doctrines, primarily res judicata and waiver. We hold that Father's Rule 60(b)(4) motion alleged a fundamental error that deprived him of his right to due process and deprived him of his fundamental constitutional right to raise his child. Given these allegations, we conclude that the fundamental error doctrine applies to create an exception to the doctrines of res judicata and waiver. We therefore affirm the district court's decision and remand this matter to the magistrate court to hold an evidentiary hearing to determine whether Father's Rule 60(b)(4) motion was timely and if so, whether the termination and adoption judgment is void.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father were in a romantic relationship from approximately May 2019 until June 2021. On June 3, 2021, a child was born to Mother and Father out of wedlock. Father did not sign the child's birth certificate. Sometime in June, following child's birth, Mother ended her romantic relationship with Father.

Approximately eight months after the birth of the child, on February 17, 2022, Mother and her new fiancé, John Doe 1, jointly filed a "Petition for Termination of Parent-Child Relationship and Petition for Adoption" with the magistrate court. Mother sought to terminate Father's parental rights and have John Doe 1 adopt the child. Mother did not serve a copy of the Petition on Father and alleged that she was not required to provide Father with notice because she and Father were never married, Father never developed a substantial relationship with the child or financially supported the child, and Father was not listed on the child's birth certificate.

On March 1, 2022, the magistrate court held a hearing on Mother's Petition, at which Mother and her fiancé testified. No transcripts or court minutes from that hearing are in the record on appeal. On the same day, the magistrate court entered a judgment terminating Father's parental rights and granting the adoption of the child by Mother's fiancé. The magistrate court entered the judgment without providing notice to Father, concluding that Father had waived any right to notice of the proceedings by failing to comply with Idaho Code section 16-1504, which describes when

consent from another party is required for adoption. The district court concluded that Mother's fiancé was fit and proper to adopt the child and that it was in the best interest of the child to terminate Father's parental rights and allow the adoption.

The next day, Father filed a "Petition for Filiation, Custody and Support" asking the magistrate court for "joint legal and residential custody of the minor child" and proposing a fifty-fifty physical custody schedule and an approximately equal sharing of the financial obligations of the child. The record is unclear concerning whether, at the time he filed the petition, Father was aware of the judgment entered the prior day. The same day, Father also registered with the Idaho Department of Health and Welfare as the putative father of the child.

Father also filed a motion to set aside the judgment approximately a week after it was entered. His written motion cited Idaho Rule of Civil Procedure 60(b)(4). Father argued to reopen the termination and adoption proceedings, contending that he had maintained a consistent and substantial connection with the child. Father contended that Mother had perpetrated fraud upon the magistrate court by failing to name him in the action when Mother knew he was the father and Mother had actively hidden the termination and adoption proceedings from Father. Father did not appeal the adoption and termination judgment.

In support of his motion, Father filed an affidavit in which he described his relationship and frequent visits with the child and his attempts to support the child financially. Father alleged that Mother and her family made him promise to not talk to a lawyer, and in return, he would receive ample time with the child. Father also filed seven affidavits from family members and friends describing Father as a good and caring father and recounting the over ninety visits that Father had with the child in the eight-month period before his parental rights were terminated. Father stated that he was unaware that Mother was engaged and that he received no notice that his parental rights were going to be terminated. Father alleged that Mother had a deliberate plan to terminate his parental rights without providing him notice. Mother opposed the motion, arguing that Idaho law barred Father from challenging the termination and adoption judgment because Father failed to fulfill his statutory duties as a putative father.

The magistrate court held oral argument on Father's motion to set aside. During oral argument, Father clarified that he was arguing that the judgment was procured by fraud and should therefore be set aside pursuant to Rule 60(b)(3), and that he was not alleging that it was a void judgment pursuant to 60(b)(4). Based on the transcript of the hearing, it appears that the parties

and the magistrate court treated the motion as a Rule 60(b)(3) motion. The magistrate court denied the motion and concluded that there was no fraud that would permit the court to set aside the judgment under Rule 60(b)(3) because there was no evidence in the record that Father was fraudulently prevented from taking the actions to establish paternity required by Idaho law.

Father's attorney attempted to appeal the magistrate court's order but failed to properly perfect his appeal to the correct court. As a result, the magistrate court's order denying Father's first motion to set aside became a final order.

Father then hired a new attorney. On October 17, 2022, Father filed a second motion to set aside the adoption and termination judgment pursuant to Rule 60(b)(4) and (6). Father argued the judgment was void and should be set aside pursuant to Rule 60(b)(4) because his due process rights were violated, and alternatively, that the unique and compelling circumstances of this case justified setting aside the judgment pursuant to Rule 60(b)(6). In support of his motion, Father cited this Court's decision in *Jane Doe I v. John Doe II (2022-06)* (*In re John Doe II*), 170 Idaho 901, 517 P.3d 830 (2022), which this Court decided following the denial of Father's first motion to set aside. In that case, we held that Idaho's adoption statutes may be unconstitutional as applied in certain circumstances, specifically those where a biological father has a "biology plus relationship" with the child. *Jane Doe I (2022-06)*, 170 Idaho at 911–12, 517 P.3d at 840–41.

Mother filed a motion to dismiss Father's second Rule 60(b) motion, arguing that the motion was procedurally barred by res judicata and other doctrines. Following a hearing, the magistrate court issued a written decision granting Mother's motion, concluding that Father's Rule 60(b)(4) motion was barred by res judicata. The magistrate court also concluded that a second Rule 60(b) motion could not be used as a substitute for an appeal, and Father's failure to properly appeal the denial of his first motion to set aside barred his second motion under Rule 60(b)(6).

Father appealed the denial of his Rule 60(b)(4) motion to the district court. Father argued that res judicata did not bar his second Rule 60(b) motion because the elements of claim preclusion and issue preclusion were not met and there is no court rule or caselaw barring a second Rule 60(b) motion. Father did not address that portion of the magistrate court's decision denying him relief under Rule 60(b)(6). Father asked the district court to remand the case back to the magistrate court to hold an evidentiary hearing on whether Father's due process rights were violated by the termination and adoption judgment.

4

The district court reversed the magistrate court, concluding that because Father's motions were within the same lawsuit, res judicata did not bar Father's Rule 60(b)(4) motion. The district remanded the case for the magistrate court to determine the merits of Father's Rule 60(b)(4) motion. Mother timely appealed.

## II.   ISSUES ON APPEAL

1. Whether the district court erred in reversing the magistrate court's dismissal of Father's Rule 60(b)(4) motion.

2. Whether either party is entitled to attorney fees on appeal.

## III.   STANDARD OF REVIEW

"When an appeal is initially taken to the district court from a decision by a magistrate, any subsequent review will be conducted independent of, but with due regard for, the decision of the district court." *O'Holleran v. O'Holleran*, 171 Idaho 671, 673, 525 P.3d 709, 711 (2023) (quoting *Kelly v. Kelly*, 171 Idaho 27, 34, 518 P.3d 326, 333 (2022)). "This Court is procedurally bound to affirm or reverse the decisions of the district court." *Id*. (internal quotation marks and citation omitted). "When a district court decides an issue in its appellate capacity, this Court reviews the magistrate court's record 'to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings.'" *Id*. (quoting *Pelayo v. Pelayo*, 154 Idaho 855, 858, 303 P.3d 214, 217 (2013)). "This Court exercises free review of the legal issues analyzed by the district court acting in its appellate capacity." *Kesting v. Kesting*, 160 Idaho 214, 216, 370 P.3d 729, 731 (2016) (quoting *Baruch v. Clark*, 154 Idaho 732, 736, 302 P.3d 357, 361 (2013)).

## IV.   ANALYSIS

The overarching issue in this case is whether Father can file a second Rule 60(b) motion to set aside the termination and adoption judgment, asserting a ground not asserted in his first motion: that the judgment violated his constitutional right to due process. For the reasons discussed below, we hold that Father's Rule 60(b)(4) motion is permitted because it asserts a fundamental error that, if true, would constitute a deprivation of his right to due process and violate his constitutionally-protected fundamental liberty interest in maintaining a relationship with his child. Accordingly, we affirm the district court's decision reversing the magistrate court. We remand to the magistrate court to hold an evidentiary hearing to determine whether Father's Rule 60(b)(4) motion was timely and if so, whether the termination and adoption judgment is void.

**A. Father's Rule 60(b)(4) motion implicates a fundamental error that merits an exception to the doctrine of claim preclusion.**

We first address the doctrine of res judicata, which formed the basis for the magistrate court's and the district court's decisions. The question presented is whether a party can file a Rule 60(b)(4) motion after the party has previously filed a motion under a different a Rule 60(b) subsection. Because Father's Rule 60(b)(4) motion alleged a fundamental error violating his constitutional right to due process, we hold that the doctrine of res judicata does not bar Father's motion in this instance.

The magistrate court denied Father's Rule 60(b)(4) motion after concluding it was barred by the doctrine of res judicata. The magistrate court concluded Father's due process argument was available to him at the time of his Rule 60(b)(3) motion, but he failed to make that argument in his first motion, and therefore res judicata barred Father from raising that argument in a subsequent Rule 60(b) motion. The magistrate court then concluded that Father's failure to properly appeal the denial of his Rule 60(b)(3) motion meant the decision denying the first motion was final and that the decision barred any other arguments he might have raised under Rule 60(b).

On intermediate appeal, the district court reversed the magistrate court's decision and concluded that the doctrine of claim preclusion only bars a party from relitigating the same claim or issue in a <u>subsequent</u> lawsuit. The district court concluded that the doctrine of claim preclusion did not apply because Father's Rule 60(b)(4) motion was filed in the <u>same</u> lawsuit as his Rule 60(b)(3) motion. The district court concluded that the doctrine of issue preclusion only applied to bar relitigation of an identical issue previously litigated. Because Father's Rule 60(b)(3) motion did not raise a due process argument, the district court concluded that issue preclusion did not bar Father's Rule 60(b)(4) motion.

Mother argues that the district court erred because res judicata can apply within the same lawsuit, including when filing multiple Rule 60(b) motions. Father responds that the district court correctly determined that res judicata only applies in a subsequent lawsuit.

"Questions of law are reviewed *de novo*, and whether an action is barred by *res judicata* is a question of law." *Monitor Fin., L.C. v. Wildlife Ridge Ests., LLC*, 164 Idaho 555, 559, 433 P.3d 183, 187 (2019) (cleaned up) (quoting *Berkshire Invs., LLC v. Taylor*, 153 Idaho 73, 80, 278 P.3d 943, 950 (2012)).

> *Res judicata* serves three fundamental purposes: (1) it preserves the acceptability of judicial dispute resolution against the corrosive disrespect that would follow if

6

the same matter were twice litigated to inconsistent results; (2) it serves the public interest in protecting the courts against the burdens of repetitious litigation; and (3) it advances the private interest in repose from the harassment of repetitive claims.

*Ticor Title Co. v. Stanion*, 144 Idaho 119, 123, 157 P.3d 613, 617 (2007). Res judicata covers both claim preclusion and issue preclusion. *Id*. Different tests are applied to determine whether claim preclusion or issue preclusion bar a claim. *Id.*

Claim preclusion "bars a subsequent action between the same parties upon the same claim or upon claims relating to the same cause of action." *Stoddard v. Hagadone Corp.*, 147 Idaho 186, 190–91, 207 P.3d 162, 166–67 (2009) (internal quotation marks omitted) (quoting *Ticor Title Co.*, 144 Idaho at 123, 157 P.3d at 617). "Claim preclusion bars adjudication not only on the matters offered and received to defeat the claim, but also as to 'every matter which might and should have been litigated in the first suit.'" *Ticor Title Co.*, 144 Idaho at 126, 157 P.3d at 620 (quoting *Magic Valley Radiology, P.A. v. Kolouch*, 123 Idaho 434, 436–37, 849 P.2d 107, 109–10 (1993)). There are three elements to a claim preclusion defense:

(1) [T]he original action ended in final judgment on the merits; (2) the present claim involves the same parties as the original action; and (3) the present claim arises out of the same transaction or series of transactions as the original action.

*Berkshire Invs.*, 153 Idaho at 81, 278 P.3d at 951. When these elements are established, claim preclusion bars "every matter which might and should have been litigated in the first suit." *Magic Valley Radiology*, 123 Idaho at 436–37, 849 P.2d at 109–10 (quoting *Joyce v. Murphy Land & Irrigation Co.*, 35 Idaho 549, 553, 208 P. 241, 242–43 (1922)).

"Issue preclusion protects litigants from having to relitigate an identical issue in a subsequent action." *Ticor Title Co.*, 144 Idaho at 124, 157 P.3d at 618. "The issue decided in the prior litigation must be identical to the issue presented in the present action." *Elsaesser v. Riverside Farms, Inc.*, 170 Idaho 502, 510, 513 P.3d 438, 445 (2022). The test for issue preclusion contains five elements:

(1) [T]he party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation.

*Ticor Title Co.*, 144 Idaho at 124, 157 P.3d at 618 (quoting *Rodriguez v. Dep't of Corr.*, 136 Idaho 90, 93, 29 P.3d 401, 404 (2001)).

Mother argues that the district court erred in holding that res judicata can only be applied to a claim raised in a different, subsequent case because this Court has applied the doctrine to bar relitigation of an issue previously decided in the same case in *State v. Wolfe*, 158 Idaho 55, 62, 343 P.3d 497, 504 (2015) (applying res judicata to bar a second, successive Idaho Criminal Rule 35 motion challenging the trial court's subject matter jurisdiction). In *Wolfe*, we held that a party could not file a second Idaho Criminal Rule 35 motion to challenge subject matter jurisdiction because the parties had previously argued, and the court had previously ruled on, the issue of subject matter jurisdiction in Wolfe's first Rule 35 motion. 158 Idaho at 63–66, 343 P.3d at 505–08. In our decision, we acknowledged that res judicata can bar relitigation of "any claims relating to the same cause of action . . . which might have been made' in the first suit," including claims related to subject matter jurisdiction. *Id*. at 63, 343 P.3d at 505 (quoting *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002)).

We agree with Mother that our decision in *Wolfe* establishes that res judicata can apply within the same case to bar relitigation of those issues that were previously decided and are the subject of a final judgment. For this reason, we agree with Mother that the district court erred in reversing the magistrate court's decision on the basis that res judicata cannot be applied to a final judgment rendered in the same proceeding. However, while we agree with Mother that the district court erred in its reasoning, we affirm the district court's conclusion on alternate grounds.

In this case, while the magistrate court did not separately analyze the doctrines of claim preclusion and issue preclusion, its analysis establishes that it dismissed Father's Rule 60(b)(4) motion on the basis of claim preclusion. This is clear from its statement that, "[t]he arguments [Father] now wishes to present were available to him at the time of his first 60(b) motion. . . . The Supreme Court dismissal and [Father]'s failure to perfect his appeals ended his claims in this matter." The district court's intermediate appellate decision separately analyzed the doctrines of claim preclusion and issue preclusion. Mother does not challenge the district court's conclusion that issue preclusion did not apply because Father's 60(b)(4) challenge raised a different argument than his prior 60(b)(3) challenge. We therefore affirm the district court's decision that issue preclusion did not bar Father's Rule 60(b)(4) motion.

We also affirm the district court's decision that claim preclusion did not bar Father's Rule 60(b)(4) motion because Father's allegations, if true, allege a fundamental error violating his constitutional rights to due process and his fundamental liberty interest in the custody, care, and

8

control of his child. We note that Father has not argued that we should apply the fundamental error doctrine to permit his Rule 60(b)(4) motion. While this "Court generally will not consider on appeal issues not raised by the parties, we have made exceptions for certain issues in certain types of cases." *Idaho Dep't of Health & Welfare v. John Doe (2017-32)* (*In re Doe Child.*), 163 Idaho 536, 538, 415 P.3d 945, 947 (2018) (internal quotation marks and citation omitted). One of those narrow exceptions involves allegations of a fundamental error resulting in a violation of a person's fundamental right to raise their own child in contravention of the due process clause of the Fourth Amendment of the Constitution of the United States. *Id.*; *State v. John Doe* (*In re Jane Doe*), 144 Idaho 534, 535, 164 P.3d 814, 815 (2007).

"Fundamental error . . . is error which 'so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his constitutional right to due process.' " *John Doe*, 144 Idaho at 536, 164 P.3d at 816 (quoting *State v. Sheahan*, 139 Idaho 267, 281, 77 P.3d 956, 970 (2003)). Although fundamental error is usually applied in the criminal context, we have applied the doctrine when an error affects a parent's "fundamental right to raise his own child and violates the due process clause of the Fourteenth Amendment." *Id.*; *see John Doe (2017-32)*, 163 Idaho at 538, 415 P.3d at 947; *State v. John Doe* (*In re: An Unnamed Child under 18 Years of Age*), 123 Idaho 370, 371, 848 P.2d 428, 429 (1993); *John Doe I v. Jane Doe (2020-54)* (*Matter of Jane Doe II*), 169 Idaho 82, 86–87, 491 P.3d 644, 648–49 (Ct. App. 2021). Because the allegations raised in Father's Rule 60(b)(4) motion establish a colorable claim that the judgment violated his constitutional right to due process and his fundamental right to raise his own child, we conclude that the fundamental error doctrine applies and permits Father to file a Rule 60(b)(4) motion alleging the judgment violated due process and is therefore void.

Preliminarily, we note an inconsistency in our caselaw. In our decision in *In re John Doe (2013-29)*, 156 Idaho 682, 687, 330 P.3d 1040, 1045 (2014), we held that "this Court's fundamental error analysis is not applicable to termination appeals because they are civil, not criminal or quasi-criminal matters." Our decision in that case, however, failed to address, distinguish or overrule our prior 2007 *Doe* decision where we applied the doctrine of fundamental error in a termination appeal. *John Doe*, 144 Idaho at 536, 164 P.3d at 816. We again applied the fundamental error doctrine in our 2018 decision in *John Doe (2017-32)*, 163 Idaho at 538, 415 P.3d at 947.

9

Where there is controlling precedent on questions of Idaho law, "the rule of stare decisis dictates that we follow it, unless it is manifestly wrong, unless it has proven over time to be unjust or unwise, or unless overruling it is necessary to vindicate plain, obvious principles of law and remedy continued injustice." *Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 77, 803 P.2d 978, 983 (1990) (citations omitted). Our decision in *John Doe (2013-29)* did not address stare decisis or conclude that our 2007 *Doe* decision was manifestly wrong, unjust or unwise or needed to be overruled to vindicate plain, obvious principles of law. In the absence of any such analysis or conclusion, we are bound to follow our 2007 *Doe* decision. We therefore overrule *John Doe (2013-29)* to the extent that it holds that the fundamental error doctrine is not applicable to termination appeals.

This Court has repeatedly emphasized the constitutionally-protected fundamental liberty interest parents have in maintaining a relationship with their children. "Parental rights are a fundamental liberty interest, constitutionally protected by the Fourteenth Amendment." *Idaho Dep't of Health & Welfare v. John Doe (2011-02)* (*In re John Doe*), 151 Idaho 356, 362, 256 P.3d 764, 770 (2011). "Parents have a fundamental liberty interest in family autonomy and in maintaining a relationship with their children." *John Doe (2017-32)*, 163 Idaho at 538, 415 P.3d at 947 (first citing *Santosky v. Kramer*, 455 U.S. 745, 753 (1982); and then citing *Idaho Dep't of Health & Welfare ex rel Jan Doe v. John Doe (2015-01)* (*In re John Doe*), 158 Idaho 764, 767, 351 P.3d 1222, 1225 (2015)). "Parents have a fundamental right to maintain a familial relationship, and to the 'custody, care and control' of their children; this right is protected by the Fourteenth Amendment." *Idaho Dep't of Health & Welfare v. John Doe (2013-17)* (*In re Termination of Parental Rts. of Doe*), 155 Idaho 896, 902, 318 P.3d 886, 892 (2014) (quoting *State v. John Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006)). This Court has previously found fundamental error when the trial court placed the burden on the wrong party in termination proceedings, *John Doe*, 144 Idaho at 536, 164 P.3d at 816, and when the trial court failed to properly dismiss a termination proceeding after concluding that termination was not in the children's best interest, *John Doe (2017-32)*, 163 Idaho at 539, 415 P.3d at 948.

Father's Rule 60(b)(4) motion raises similar constitutional concerns, which merit application of the fundamental error doctrine to permit an exception to the doctrine of claim preclusion in this case. Mother does not dispute that she did not serve Father with a copy of the petition to terminate his parental rights and gave him no notice of the hearing on the petition.

Mother alleged in her petition that Father was not entitled to notice because they were not married, Father never developed a substantial relationship with the child, Father never paid child support or demonstrated any commitment to the financial responsibilities of parenthood, Father was not listed on the child's birth certificate, and Father had failed to file a notice of commencement with the Idaho Bureau of Health Policy and Vital Statistics. Mother subscribed and swore under oath that these statements were true and correct. The record on appeal does not contain a transcript of the hearing on Mother's petition, but we presume the magistrate court relied on Mother's statements when concluding that Father was not entitled to notice of the petition or the hearing.

Father submitted a declaration in support of his Rule 60(b)(4) motion, which contested several of Mother's assertions contained in the petition. Specifically, Father presented evidence that:

- Father and Mother dated for two years and were engaged to be married until Mother called off the engagement;

- While Mother was pregnant, Father attended her medical appointments until Mother stopped informing him of the appointments;

- While Mother was pregnant, Father purchased a home and household items, including nursery and infant necessities;

- Father was present at the hospital and in the delivery room for the child's birth;

- Father was not given the option to sign the child's birth certificate;

- Father visited the child every week, often several times per week, between the child's birth and the day he was informed his parental rights were terminated;

- Father created a room for the child in his own home;

- Father estimated he had at least ninety visits with the child before he was informed his parental rights had been terminated;

- Father brought the child to his own home and his parents' home for visits with his parents and other family members;

- Father provided Mother with four payments of $200 for the child's benefit and Father stopped making payments on the advice of a family counselor, who erroneously advised him that if Mother was not willing to give Father equal parenting time, then he should not pay her any support; and

- Father asked Mother about setting up a joint account for the child's benefit and Mother responded that she was not willing to do anything jointly with Father.

Attached to Father's declaration were multiple photos showing Father and his family having visitation with the child. We conclude that the assertions contained in Father's declaration, if true,

11

may establish that Father had a "biology plus relationship" and was therefore entitled to notice of the termination proceedings and an opportunity to be heard prior to the termination of his parental rights. *See John Doe II (2022-06)*, 170 Idaho at 912, 517 P.3d at 841.

Yet, Father was denied a hearing on these allegations because the magistrate court found his motion was procedurally barred, despite the "genuine possibility that Father has acquired parental rights protected by the Fourteenth Amendment under the biology plus relationship rule." *Id*. This Court "must ensure that the judiciary functions 'in a manner consistent with the individual constitutional rights, both state and federal, of all who appear before the bar of justice.' " *John Doe (2017-32)*, 163 Idaho at 538, 415 P.3d at 947 (quoting *State v. LePage*, 102 Idaho 387, 391, 630 P.2d 674, 678 (1981)); *see also Jane Roe v. John Doe* (*In re Jane Doe*), 143 Idaho 188, 192, 141 P.3d 1057, 1061 (2006) (holding that a trial court cannot ignore relevant evidence when the fundamental liberty interest in maintaining a relationship with one's child is at stake).

We have held that, in order to obtain relief under the fundamental error doctrine, the error must not be harmless and must have affected a party's substantial rights. *State v. Anderson*, 144 Idaho 743, 749, 170 P.3d 886, 892 (2007); *State v. Miller*, 165 Idaho 115, 119, 443 P.3d 129, 133 (2019). Father's Rule 60(b)(4) motion calls into question whether the magistrate court's judgment terminating Father's parental rights deprived Father of his constitutional right to due process. This error would not be harmless because it deprived Father of his right to respond to the allegations in Mother's petition and argue that his parental rights should not be terminated. The error affected his substantial rights because it deprived him of his fundamental right to raise his child. We conclude that Father's Rule 60(b)(4) motion meets the requirements for application of the fundamental error doctrine. We therefore apply the doctrine in this instance to provide an exception to the general rules of claim preclusion.

## B. Father's Rule 60(b)(4) motion implicates a fundamental error that merits an exception to the waiver doctrine.

Mother next alleges that Father waived his constitutional due process argument during the hearing on his first Rule 60(b) motion. During that hearing, Father's previous attorney stated that he was not challenging the Putative Father Registry because it had previously been upheld as constitutional:

> Your Honor, the Putative Father Registry and the some what [sic] draconian nature in which it operates has a purpose, and the legislature looked at that purpose, and there has been Supreme Court cases that have gone up to the Supreme Court on the Putative Father Registry, and it has been upheld.

> We all know that. All three of the attorneys in this room know that, and *we're not filing to suggest this is unconstitutional*. It has already been proven to be constitutional; however, there is a back-end around it.

Father's previous attorney then went on to argue that the judgment should be set aside for fraud pursuant to Rule 60(b)(3). The magistrate court, in its written decision, acknowledged that Father's previous attorney had stated that he was not pursuing a constitutional challenge:

> [D]uring oral arguments [Father]'s attorney acknowledged two crucial facts: (1) [Father] was aware of constitutional arguments and was not pursuing them, and (2) despite the [c]ourts [sic] ruling the losing party would be appealing.

The district court acknowledged the same in its decision.

Before addressing the merits of this argument, we briefly address Father's contention that Mother failed to preserve this argument because she failed to raise it below. "To preserve an issue for appeal, both the issue and the party's position on the issue must be raised before the trial court." *Kelly v. Kelly*, 171 Idaho 27, 35, 518 P.3d 326, 334 (2022) (cleaned up) (quoting *State v. Foeller*, 168 Idaho 884, 891, 489 P.3d 795, 802 (2021)). The record reveals that this issue was argued before the magistrate court and again before the district court. Accordingly, we conclude that Mother's waiver argument is preserved for appeal.

Turning to the merits of Mother's waiver argument, we have explained that, if a party "expressly stated to the magistrate court that [they are] not disputing [an issue]," this concession constitutes "a waiver of the issue" for appeal. *Id.* Further, while constitutional rights, including due process rights, can be waived, a presumption against waiver applies regarding fundamental constitutional rights. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (citations omitted); *John Doe I v. Jane Doe (2020-54)* (*Matter of Jane Doe II*), 169 Idaho 82, 88, 491 P.3d 644, 650 (Ct. App. 2021). Regardless of whether Father's prior attorney's statements could be construed to constitute a waiver of all due process challenges, we decline to apply the waiver doctrine in this instance.

For the reasons previously discussed herein, we conclude that Father's Rule 60(b)(4) motion establishes a potential fundamental error that deprived him of his right to due process and his fundamental right to raise his child. We therefore conclude that it is appropriate to apply the fundamental error doctrine to create an exception to the waiver doctrine for purposes of Father's Rule 60(b)(4) motion.

13

**C. Mother's other procedural arguments are without merit.**

We next address Mother's alternative arguments. Even though the district court did not rule on these alternative arguments, Mother argues this Court can reverse the district court under the "right result, wrong theory" doctrine. We conclude that Mother's arguments are without merit.

*1. Father's Rule 60(b)(4) motion is not barred by the rule against claim splitting.*

"Claim splitting often arises in the context of claim preclusion and res judicata, and the general rule is that damages sustained or accrued from a single wrongful act must be claimed and recovered in one action." *Stiffler v. Hydroblend, Inc.*, 172 Idaho 630, 643, 535 P.3d 606, 619 (2023) (internal quotation marks and citations omitted). Claim splitting arises when a party files successive actions from the same transactional claim or wrongful act. *See id.*; *Kootenai Elec. Co-op., Inc. v. Lamar Corp.*, 148 Idaho 116, 122–23, 219 P.3d 440, 446–47 (2009); *Hindmarsh v. Mock*, 138 Idaho 92, 94–96, 57 P.3d 803, 805–07 (2002); *Diamond v. Farmers Grp., Inc.*, 119 Idaho 146, 151–52, 804 P.2d 319, 324–25 (1990).

Mother provides no legal citations or argument as to why the rule against claim splitting should apply to successive motions filed within the same lawsuit. The rule has only been applied to instances where a party seeks "a second bite at the apple" by filing a successive lawsuit in a different court, not where a party brings a different argument within the same lawsuit. We reject Mother's claim splitting argument because this appeal does not concern a subsequent lawsuit concerning the same transaction as a prior suit.

*2. Father's Rule 60(b)(4) motion is not barred by the invited error doctrine.*

Mother argues that the district court erred by failing to consider the invited error doctrine. Mother asserts that Father invited the error that he attacks on appeal because he conceded that, when a void judgment is entered against a party, the party may file a motion to set aside *or* he may file a separate action to collaterally attack a judgment but he cannot do both. Mother therefore asserts that, once Father chose a course by filing a Rule 60(b) motion, his concession constituted an admission that his only recourse was to appeal the denial of that first motion.

Father responds that Mother mischaracterizes the record. Father asserts that he was simply quoting the relevant rule from *H. S. Cramer & Co. v. Washburn-Wilson Seed Co.*, 71 Idaho 421, 233 P.2d 809 (1951), and then spent the remainder of his brief and subsequent oral argument distinguishing that case and explaining why the rule did not apply to his Rule 60(b)(4) motion.

14

In its "Relevant Uncontroverted Facts" section of its decision, the magistrate court found that:

> The parties *accept the following specific case law* of the Idaho Supreme Court: . . . (4) "If a void judgment is entered against a party, they may file a motion to set aside, or they may file a separate action to collaterally attack a judgment." H.S. Cramer & Co. v. Washburn-Wilson Seed Co., 71 Idaho 421, 433 (1951); and (5) "If a party chooses to move to set aside, they no longer may file a separate suit, and their only recourse if the motion is denied is to appeal the denial." Id.

(Emphasis added; footnote omitted.) The district court conducted a de novo review and declined to adopt *H.S. Cramer & Co.* in deciding the appeal.

"The doctrine of invited error applies to estop a party from asserting an error when [the party's] own conduct induces the commission of the error." *Beebe v. N. Idaho Day Surgery, LLC*, 171 Idaho 779, 789, 526 P.3d 650, 660 (2023) (alternation in original) (quoting *City of Middleton v. Coleman Homes, LLC*, 163 Idaho 716, 727, 418 P.3d 1225, 1236 (2018)). "Accordingly, an error is not reversible if the party invited the error." *Id*. (citing *City of Middleton*, 163 Idaho at 727, 418 P.3d at 1236).

We conclude that Father did not invite any error because he did not concede that *H.S. Cramer & Co.* applied to his Rule 60(b)(4) motion. To the contrary, his briefing and argument below indicate he repeatedly argued that the case was distinguishable and therefore did not control. Father's brief in support of his Rule 60(b)(4) motion described a relevant rule statement from *H. S. Cramer & Co.* and then attempted to distinguish his action from the quoted language, stating "[b]ut [*H. S. Cramer & Co.*] is easily distinguishable. . . . The situation described in [*H. S. Cramer & Co.*] is dissimilar from the circumstances presented here, and does not control." Father also asserted at oral argument before the magistrate court that *H. S. Cramer & Co.* was "entirely different than the case at bar." Father's position regarding *H. S. Cramer & Co.* remained the same throughout the appeals process—he acknowledges the caselaw and then tries to distinguish it. The invited error doctrine is not applicable.

Mother also repackages her invited error argument as one of preservation and argues that Father failed to preserve his argument on appeal because he conceded below that *H.S. Cramer & Co.* did control the outcome of his Rule 60(b)(4) motion. For the reasons discussed above, we conclude that this argument is without merit. Father has consistently recognized the rule statements from *H.S. Cramer & Co.* but has argued that they do not apply to his Rule 60(b)(4) motion.

3. *Father did not fail to direct his argument on intermediate appeal to the magistrate court's decision.*

Mother next argues that the district court violated its duty not to presume error when it declined to address their "appellate waiver" argument below. Mother argues that, on intermediate appeal, Father failed to articulate how the magistrate court erred. Father responds that he squarely directed his arguments on intermediate appeal toward the magistrate court's decision.

The district court did not address Mother's "appellate waiver" argument. Instead, the district court determined that motions to set aside void judgments pursuant to Rule 60(b)(4) are subject to de novo review.

It is not clear what error Mother is alleging. Mother cited an Idaho Court of Appeals case, *State v. Byrum*, 167 Idaho 735, 740, 476 P.3d 402, 407 (Ct. App. 2020), for the proposition that, when an opening brief is devoid of any reference to the lower court's decision and fails to provide argument, citation to the record, or authority related to the lower court's decision, an appellate court will deem those arguments waived. However, Father's briefing below identified the magistrate court's decision as the basis for his appeal and explained, with substantial citations to legal authority and the record, why res judicata did not bar his Rule 60(b)(4) motion. Father distinguished the caselaw relied on by the magistrate court and argued that "[t]he Magistrate did not address modern case law, and the more developed procedure for analyzing res judicata." (Emphasis added.) Father additionally argued that the magistrate court's analysis was wrong at oral argument on appeal before the district court.

Father's briefing and argument below repeatedly referenced the lower court's decision and provided argument, citations to the record, and legal authority attacking the magistrate court's decision. Accordingly, we reject Mother's argument on this issue.

4. *Father's Rule 60(b)(4) motion was not used to evade the deadline to appeal.*

Mother next argues that Father is impermissibly using his Rule 60(b)(4) motion to evade the deadline to appeal. A Rule 60(b) motion "may be used to obtain relief from a final judgment; however, it should not be used as a substitute for a timely appeal." *Maynard v. Nguyen*, 152 Idaho 724, 726, 274 P.3d 589, 591 (2011) (citing *Miller v. Haller*, 129 Idaho 345, 348–49, 924 P.2d 607, 610–11 (1996)). Idaho's appellate courts have applied this rule when a party files a Rule 60(b) motion without providing new evidence or argument on why relief was justified and simply asked the court to second-guess itself. *See Christmann v. State Farm Mut. Auto. Ins. Co.*, 172 Idaho 714, 721–22, 535 P.3d 1087, 1094–95 (2023); *Ross v. State*, 141 Idaho 670, 672, 115 P.3d 761, 763

(Ct. App. 2005); *Hoopes v. Bagley* (*In re Est. of Bagley*), 117 Idaho 1091, 1093–94, 793 P.2d 1263, 1265–66 (Ct. App. 1990). Here, Father is not attempting to relitigate the issues raised in his first Rule 60(b) motion. Instead, Father has articulated a new argument that alleges the original judgment violated his due process rights. He did not argue this in his Rule 60(b)(3) motion. Therefore, we conclude that Father's second Rule 60(b) motion was not used to evade the deadline to appeal.

5. *Father's Rule 60(b)(4) motion is not barred by the law of the case doctrine.*

Mother argues that Father's second Rule 60(b) motion is barred by the law of case doctrine because Father argued that the adoption and termination judgment should be set aside in his first motion, and the magistrate court found that Father was not entitled to notice of the proceeding and that the adoption occurred according to law. Mother argues that these findings are final and the law of the case doctrine precludes relitigating these issues. Father responds that the law-of-the-case doctrine is inapplicable here because the due process issue raised in Father's Rule 60(b)(4) motion has not been adjudicated.

The law of the case doctrine is not applicable here because there has been no decision *on appeal* in this case. "Whether the law of the case doctrine applies is a question of law upon which this Court exercises free review." *Berrett v. Clark Cnty. Sch. Dist. No. 161*, 165 Idaho 913, 921, 454 P.3d 555, 563 (2019). "The doctrine requires that when an *appellate court*, in 'deciding a case presented states in its opinion a *principle or rule of law necessary to the decision*, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal[.]' " *Id.* at 921–22, 454 P.3d at 563–64 (first emphasis added) (quoting *Regan v. Owen*, 163 Idaho 359, 362, 413 P.3d 759, 762 (2018)).

The law of the case doctrine applies after an *appellate court* states a principle or rule of law necessary to the decision, and that becomes the law of the case on remand or subsequent appeal. However, here, there is no prior appellate decision addressing the magistrate court's subject matter jurisdiction. Mother is simply repackaging her res judicata argument. We therefore conclude that the law of the case doctrine does not bar Father's Rule 60(b)(4) motion.

6. *The issue of whether Father's Rule 60(b)(4) motion was timely is an issue of fact to be determined on remand by the magistrate court.*

Lastly, Mother argues that Father's Rule 60(b)(4) motion was untimely because it was not made within a "reasonable time" after the entry of the termination and adoption judgment and that Father should have pursued his due process claims in his first Rule 60(b) motion. Father responds

17

that his Rule 60(b)(4) motion was brought within a reasonable time because he has consistently sought relief since the termination and adoption judgment was entered. Neither the magistrate court nor the district court made any findings concerning the timeliness of Father's second Rule 60(b) motion.

Pursuant to the plain language of Rule 60(c)(1), a motion under Rule 60(b)(4) must be made "within a reasonable time." I.R.C.P. 60(c)(1). Here, we note a divergence in our caselaw. We have held that "[n]otwithstanding the timeliness requirements of Rule 60(b), void judgments can be attacked at any time." *Golub v. Kirk-Scott, Ltd.*, 157 Idaho 966, 970, 342 P.3d 893, 897 (2015) (citing *Meyers v. Hansen*, 148 Idaho 283, 291, 221 P.3d 81, 89 (2009)). We recently reiterated this rule. *D.L. Evans Bank v. Dean*, 173 Idaho 20, ___, 538 P.3d 793, 802 (2023) (holding that "a Rule 60(b)(4) motion can be brought at any time"). However, we have also held that a Rule 60(b)(4) motion must be brought within a reasonable time, in line with the plain language of Rule 60(c)(1). *Thiel v. Stradley*, 118 Idaho 86, 88, 794 P.2d 1142, 1144 (1990); *Wright v. Wright*, 130 Idaho 918, 922, 950 P.2d 1257, 1261 (1998); *McGrew v. McGrew*, 139 Idaho 551, 559, 82 P.3d 833, 841 (2003); *Fisher Sys. Leasing, Inc. v. J & J Gunsmithing & Weaponry Design, Inc.*, 135 Idaho 624, 628–29, 21 P.3d 946, 950–51 (Ct. App. 2001); *Meyer v. Meyer*, 135 Idaho 460, 462, 19 P.3d 774, 776 (Ct. App. 2001); *Lytle v. Lytle*, 158 Idaho 639, 642, 350 P.3d 340, 343 (Ct. App. 2015).

These two lines of cases directly contradict each other. We take this opportunity to overrule the line of cases that holds that a Rule 60(b)(4) motion may be brought at any time. The plain language of Rule 60(c)(1) requires the motion to be brought "within a reasonable time." Inquiring into the origin of the rule that "a Rule 60(b)(4) motion can be brought at any time" leads us to the case of *Burns v. Baldwin*, 138 Idaho 480, 65 P.3d 502 (2003), in which we examined whether a California judgment was entitled to full faith and credit in Idaho. The appellant argued that it was not because a California appellate court lacked jurisdiction to modify the judgment. *Id.* at 483, 65 P.3d at 505. In examining the parties' arguments, we cited California law for the premise that, "[a] judgment of a court without jurisdiction is void, and void judgments may be attacked at any time." *Id.* at 486, 65 P.3d at 508.

This Court has since imported this statement of California law into Idaho's jurisprudence. This was error, as our interpretation of California law is not applicable to civil actions in Idaho's courts, which are governed by the Idaho Rules of Civil Procedure. Idaho's civil rules clearly state

18

that a Rule 60(b)(4) motion must be brought within a reasonable time. Accordingly, we overrule our line of cases holding that a Rule 60(b)(4) motion can be brought "at any time." *See Pinkham v. Plate*, ___Idaho ___, ___, 552 P.3d 605, 617–18 (2024); *D.L. Evans Bank*, 173 Idaho at ___, 538 P.3d at 802; *Golub v. Kirk-Scott, Ltd*., 157 Idaho at 970, 342 P.3d at 897; *Meyers*, 148 Idaho at 291, 221 P.3d at 89.

The question of whether Father's Rule 60(b)(4) motion was filed within a reasonable time is a question of fact for the trial court to resolve after both parties have had an opportunity to try the issue. *Thiel*, 118 Idaho at 88, 794 P.2d at 1144; *Fisher Sys. Leasing, Inc.*, 135 Idaho at 628, 21 P.3d at 950. "Where judgment is entered without the party's knowledge, what constitutes a reasonable time is judged from the time that the party learned of the judgment." *McGrew*, 139 Idaho at 559, 82 P.3d at 841. The record before this Court suggests that Father has consistently sought relief since the termination and adoption judgment was entered. The record further indicates that the failure to properly perfect an appeal from the denial of Father's first Rule 60(b) motion was the product of his first attorney's carelessness, rather than the product of any decision by Father to drop his appeal. However, we leave this finding to the magistrate court on remand.

**D.  Father is entitled to partial attorney fees on appeal.**

Mother requests attorney fees both on appeal to this Court and for the proceedings before the district court pursuant to Idaho Code section 12-121. Idaho Code section 12-121 permits the award of reasonable attorney fees to the "prevailing party" when the case was "brought, pursued or defended frivolously, unreasonably or without foundation." I.C. § 12-121. The district court denied Mother's request because she was not the prevailing party on appeal. "The Court reviews a district court's decision of whether to award attorney fees under Idaho Code section 12-121 for abuse of discretion." *Kesting v. Kesting*, 160 Idaho 214, 216, 370 P.3d 729, 731 (2016). Section 12-121 only allows a "prevailing party" to be awarded attorney fees. I.C. § 12-121. Mother was not the prevailing party on intermediate appeal or before this Court. Thus, the district court's decision not to award attorney fees to Mother below is affirmed, and we decline to award Mother attorney fees for the appeal before this Court.

Father requests attorney fees pursuant to section 12-121. Father argues that Mother presented inapplicable legal theories without cogent argument; misstated the record; and attacked the motives and integrity of Father, his counsel, and the district court. Mother's arguments regarding invited error, appellate waiver, law of the case doctrine, and claim splitting are frivolous

or without foundation. Mother's argument on invited error was premised on a misleading characterization of the record. Mother's argument on appellate waiver ignores the fact that Father's briefing and argument below clearly references the lower court's decision and provides argument, citation to the record, and authority related to the lower court's decision. Mother's argument on law of the case doctrine was simply a repackaging of her res judicata argument that ignores our caselaw explaining that the law of the case doctrine applies after a rule of law is decided on appeal. Finally, Mother provides no legal citations or argument as to why the rule against claim splitting should apply to successive motions filed within the same lawsuit. Accordingly, we award Father partial fees on appeal for time spent defending against those arguments.

While ultimately unpersuasive, we conclude that Mother's other arguments were not brought, pursued or defended frivolously, unreasonably or without foundation. We do not award attorney fees to Father for time spent defending against those claims.

## V.    CONCLUSION

We hold that Father was not barred from filing his Rule 60(b)(4) motion. Accordingly, we affirm the district court's decision reversing the magistrate court's dismissal of Father's Rule 60(b)(4) motion and remand for further proceedings consistent with this opinion. We also award Father his reasonable attorney fees on appeal, pursuant to Idaho Code section 12-121, for Mother's invited error, appellate waiver, law of the case, and claim splitting arguments. Father is also awarded his costs on appeal pursuant to Idaho Appellate Rule 40.

Chief Justice BEVAN, and Justices BRODY, MOELLER, and MEYER CONCUR.